

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00006-CR

DEREK BERNARD HOWARD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 37,767-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

In an effort to correct clerical errors in the 2009 original judgment finding Derek Bernard Howard guilty of criminal mischief,[1] the trial court entered a judgment nunc pro tunc in late 2013. Howard asserts on appeal that the trial court was without authority to enter that judgment and that, therefore, he should be granted a new trial or a new punishment hearing. We modify the nunc pro tunc judgment to correct remaining clerical errors and affirm the judgment, as modified.

The original written judgment of conviction contained a number of errors, including: (1) an incorrect label for the offense for which Howard was convicted, (2) the wrong statute for the offense, (3) the wrong degree of offense, (4) the wrong date of offense, (5) an incorrect description of the enhancements, and (6) an incorrect name of the attorney representing the State.

In 2013, Howard had highlighted some of these errors in a petition for writ of habeas corpus. The trial court denied Howard's petition, but entered a late-2013 judgment nunc pro tunc correcting most of the mistakes in the original written judgment. On appeal, Howard argues that, instead of merely correcting simple clerical errors, the trial court's judgment nunc pro tunc made substantive alterations to the judgment. *See Loud v. State*, 329 S.W.3d 230, 235 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). Howard claims that the trial court was without power to make what were substantive changes to the judgment. We find that the trial court's judgment nunc pro tunc was an authorized attempt at making the record speak the truth.

---

[1] The trial court sentenced Howard to twenty years' imprisonment after he pled true to the State's only enhancement allegation.

However, because uncorrected clerical errors remain, we further modify the judgment nunc pro tunc and affirm it, as modified.

Much of the confusion in this case originated from errors in the State's indictment. The title of the indictment lists the charged offense as criminal mischief over $1,500.00. Yet, the body of the indictment alleges that Howard, on or about November 19, 2008,

> intentionally or knowingly damage[d] or destroy[ed] tangible property, to-wit: two freezer units and ten air conditioners, by removing the coils and recyclable metals from the air conditioner, without the effective consent of Paul Hera, the owner of said property, and did thereby cause pecuniary loss of $20,000 or more but less than $100,000 to the said owner.

Thus, while the title of the indictment charged the offense of criminal mischief causing pecuniary loss of $1,500.00 or more but less than $20,000.00 under Section 28.03(b)(4) of the Texas Penal Code—a state jail felony—the body of the indictment alleged an offense causing pecuniary loss of $20,000.00 or more but less than $100,000.00 under Section 28.04(b)(5)—a third degree felony. *See* TEX. PENAL CODE ANN. § 28.03(b)(4)–(5) (West 2011).

The trial court's original 2009 judgment recited that Howard was convicted of "CRIMINAL MISCHIEF OVER $1,500," listed Section 28.03(b)(4) as the statute of offense, and classified the crime as a state jail felony. By petitioning for a writ of habeas corpus, Howard alerted the trial court to the errors contained in the judgment. After reviewing the clerk's record, the reporter's record, and the affidavit of Howard's counsel swearing that "Howard knew this charge was not a state jail felony," the trial court entered a judgment nunc pro tunc on November 19, 2013, that (1) described the offense as criminal mischief over $20,000.00,

3

(2) stated that the degree of offense was a third degree felony, and (3) listed the statute of offense as Section 28.03(b)(5) of the Texas Penal Code.

Howard's attack on the trial court's power to make the corrections must fail. While a trial court cannot correct a judicial error after it loses its plenary power, it may, at any time, enter a judgment nunc pro tunc correcting a clerical error. *State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994); *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986). "The classification of an error as clerical or judicial is a question of law." *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988). "A clerical error is one which does not result from judicial reasoning or determination." *Id*. "A judicial error is an error which occurs in the rendering as opposed to the entering of a judgment." *Escobar*, 711 S.W.2d at 231. "The trial court cannot, through a judgment nunc pro tunc, change a court's records to reflect what it believes should have been done." *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007). "Thus, before a judgment nunc pro tunc may be entered, there must be proof that the proposed judgment was . . . actually rendered or pronounced at an earlier time." *Id*. (quoting *Wilson v. State*, 677 S.W.2d 518, 521 (Tex. Crim. App. 1984)). This is because "[t]he purpose of a nunc pro tunc order is to correctly reflect from the records of the court a judgment actually made by it, but which for some reason was not entered of record at the proper time." *Poe*, 751 S.W.2d at 876.

We look to the record to determine whether the errors corrected by the nunc pro tunc judgment were clerical in nature. Examining just the clerk's record is inconclusive. The punishment recommendation in the plea agreement and the trial court's docket sheet both incorrectly labeled the crime as criminal mischief over $1,500.00 and declared the offense a state

4

jail felony. However, the trial court's written admonishments stated (1) that Howard was charged with criminal mischief over $20,000.00; (2) that, as a result of the State's enhancement allegation, the range of punishment was that of a second degree felony; and (3) that, if convicted, Howard could be confined for not more than twenty years or less than two years and ordered to pay a fine not to exceed $10,000.00. After acknowledging the trial court's written admonishments, Howard entered a judicial confession. Howard's written stipulation of evidence affirms that, consistent with the body of the indictment, he "caused pecuniary loss of $20,000.00 or more but less than $100,000.00."[2] The clerk's record contains a Longview Police Department report stating the cost to repair the damage caused by Howard's criminal mischief was, at minimum, $35,687.74. Howard and his counsel signed a plea bargain agreement recommending twenty years' imprisonment as the appropriate punishment for Howard's crime. On its face, the trial court's judgment states that the conviction was for a state jail felony. Yet, the sentence indicates that Howard was convicted of a third degree felony offense and that the range of punishment was enhanced to that of a second degree felony.

The reporter's record supplies the rest of the story and resolves the confusion. At the beginning of the plea hearing, the State corrected the mistake presented in its indictment by asking "for a trial amendment in the heading of the indictment" and stating its intent "to abandon where it states 'Offense: Criminal mischief over 1500.'" The trial court allowed the amendment and stated that it was "going to strike through that language." The court also struck through references in the written plea admonishments erroneously stating that the offense was a state jail

---

[2]The written stipulation was signed by Howard, his counsel, and the trial court.

felony, and Howard initialed the redactions. The trial court next clarified that the offense indicted was a third degree felony offense. Before taking Howard's plea, the trial court told Howard that he was "charged with the offense of criminal mischief over $20,000 but less than [$]100,000" and read the body of the State's indictment to him. Howard told the court that he fully understood the plea agreement papers and that he had gone over the written plea admonishments with his counsel. Howard pled guilty to the offense as recited by the trial court, and the court accepted his plea of guilt and found him guilty "of criminal mischief over [$]20,000 but less than $100,000."

There was also some confusion with regard to enhancement. On August 3, 2009, the State filed its first notice of intent to seek higher punishment based on two prior convictions. The first enhancement allegation alleged that Howard was convicted of theft December 29, 1992, in cause number CR93196 in the 4th Judicial District Court of Rusk County, Texas. The second enhancement allegation alleged that Howard was convicted of burglary of a habitation June 21, 2002, in cause number 29396-A in the 188th Judicial District Court of Gregg County, Texas. On August 7, 2009, the State filed another notice of intent to seek enhanced punishment that (1) omitted the first allegation in the August 3 motion, and (2) relied only on the second allegation in the August 3 motion. The original judgment listed Howard's plea as "N/A" to the first enhancement allegation and "TRUE" to the second enhancement allegation. The trial court's docket sheet and original judgment indicated that the State had elected to abandon the first enhancement and proceed only on the second enhancement allegation. However, as

demonstrated by the following discussion at the plea hearing, the docket sheet and original judgment did not correctly reflect the number of enhancement paragraphs:

> [The State]: The State would like to abandon the very first notice that we filed because we have filed a second notice.
>
> THE COURT: All right. What's the date of the second notice? . . . So the second notice was the one filed on August 7th, 2009.
>
> [The State]: Correct.
>
> THE COURT: Okay.
>
> [The State]: We'd like to abandon the first notice filed and proceed on the notice that was filed August 7th.
>
> THE COURT: I'm on the same page with you now.

The trial court (1) admonished Howard on the sole enhancement allegation made in the August 7 notice, (2) informed Howard that a finding of true to the enhancement would result in punishment in the second degree felony range, and (3) accepted his plea of true to the sole allegation. Thus, the judgment nunc pro tunc correctly reflected that Howard pled true to the first (and only) enhancement allegation.

The reporter's record clarified that the errors corrected by the judgment nunc pro tunc did not result from judicial reasoning or determination. Rather, these were clerical errors in preparation of the written judgment, not judicial errors in ruling incorrectly. Thus, the trial court's judgment nunc pro tunc was proper even though its plenary power had long since expired. *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. [Panel Op.] 1980); *see Poe*, 751 S.W.2d at 876 ("A judgment may be reformed so as to show the offense of which the accused was found guilty by a court and jury."); *Musgrove v. State*, 425 S.W.3d 601, 612 (Tex.

7

App.—Houston [14th Dist.] 2014, pet. struck) (modifying judgment to reflect correct offense level); *Woods v. State*, 398 S.W.3d 396, 405–06 (Tex. App.—Texarkana 2013, pet. ref'd) (classifying errors in judgment regarding pleas as to enhancements as typographical errors); *Jackson v. State*, 391 S.W.3d 139, 143 (Tex. App.—Texarkana 2012, no pet.) (modifying judgment to reflect correct statute of offense). The trial court had the authority to enter the judgment nunc pro tunc to correctly reflect the judgment actually rendered as demonstrated by the reporter's record. We overrule Howard's point of error.

However, as pointed out by both Howard and the State, some uncorrected errors still remain in the judgment nunc pro tunc. We may modify a judgment to make the record speak the truth when an error is discovered. *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.) (citing *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992)). "The Texas Rules of Appellate Procedure also provide direct authority for this Court to modify the trial court's judgment." *Id.* (citing TEX. R. APP. P. 43.2).

First, the judgment nunc pro tunc lists the date of offense as November 1, 2008, even though (1) the indictment listed the date of offense as November 19, 2008, (2) Howard pled guilty to committing the offense November 19, and (3) the trial court found Howard guilty of committing the crime November 19. Thus, we modify the nunc pro tunc judgment to correct this clerical error. *See Gray v. State*, 628 S.W.2d 228, 233 (Tex. App.—Corpus Christi 1982, pet. ref'd) ("[I]t is plain that the date of the offense recited in the [judgment] is a typographical error which could have been corrected by nunc pro tunc entry . . . or by reformation of the [judgment] on appeal.").

Next, while the judgment nunc pro tunc corrected the reference to Howard's plea to the State's sole enhancement, it copied the original judgment's erroneous special finding that the "STATE ELECTED TO ABANDON THE 1ST ENHANCEMENT AND PROCEED ON THE 2ND ENHANCEMENT." We delete this special finding from the judgment nunc pro tunc.

Last, it is uncontested that Tanya L. Reed (formerly Tanya L. Taylor) was the attorney representing the State and that both the original judgment and the judgment nunc pro tunc incorrectly list Brian Lemaire as the State's attorney. Thus, we reform the judgment nunc pro tunc to substitute Reed's name for Lemaire's.

We modify the nunc pro tunc judgment (1) to correctly reflect that the date of offense was November 19, 2008, (2) to delete the special finding that the State elected to abandon the first enhancement and proceed on the second enhancement, and (3) to correctly reflect that Tanya L. Reed represented the State in this case. We affirm the judgment, as modified.


Josh R. Morriss, III
Chief Justice


Date Submitted:        September 15, 2014
Date Decided:          October 15, 2014

Do Not Publish

9