

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00007-CR

DEREK BERNARD  HOWARD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 37,809-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

In 2009, pursuant to a plea agreement, Derek Bernard Howard pled guilty to and was convicted of criminal mischief. The trial court sentenced Howard to twenty years' imprisonment after he pled true to the State's only enhancement allegation.[1] The original written judgment of conviction contained several glaring errors, including: (1) the wrong statute for the offense, (2) the wrong degree for the offense, (3) an incorrect reflection of Howard's plea with regard to enhancement, and (4) an incorrect name of the attorney representing the State.

In 2013, Howard highlighted some of these errors in a petition for writ of habeas corpus. The trial court denied Howard's petition, but entered a judgment nunc pro tunc in an attempt to correct the mistakes made in the original written judgment. On appeal, Howard argues that instead of merely correcting simple clerical errors, the trial court's judgment nunc pro tunc made substantive alterations to the judgment. *See Loud v. State*, 329 S.W.3d 230, 235 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). Because the trial court was without plenary power to make substantive changes to the judgment, Howard believes that the judgment nunc pro tunc was unauthorized and that he is entitled to a new trial or, at the very least, a new punishment hearing. We find that the trial court's judgment nunc pro tunc was an appropriate attempt at making the record speak the truth. However, because it also contains a clerical error, we further reform the judgment nunc pro tunc and affirm it, as modified.

Pursuant to Section 28.03(b)(4) of the Texas Penal Code, criminal mischief causing pecuniary loss of $1,500.00 or more but less than $20,000.00 is a state jail felony. TEX. PENAL

---

[1]Howard and his counsel signed a plea agreement recommending twenty years' imprisonment as the appropriate punishment for Howard's crime.

CODE ANN. § 28.03(b)(4) (West 2011). Pursuant to Section 28.03(b)(5), criminal mischief causing pecuniary loss of $20,000.00 or more but less than $100,000.00 is a third degree felony. TEX. PENAL CODE ANN. § 28.03(b)(5) (West 2011). The State's indictment in this case alleged criminal mischief causing, in aggregate, pecuniary loss over $20,000.00. Howard pled guilty to this offense.

However, the trial court's original 2009 judgment, signed by Judge William Jennings, listed Section 28.03(b)(4), not 28.03(b)(5), as the statute of offense and misclassified the crime as a second degree felony. By petition for writ of habeas corpus, Howard alerted the trial court to the errors contained in the judgment. After reviewing the clerk's record and the reporter's record, Judge Alfonso Charles entered a judgment nunc pro tunc on November 19, 2013, that correctly listed the statute of offense as Section 28.03(b)(5) and stated that the offense was a third degree felony.

Howard argues that the trial court was without plenary power to make the adjustments. While a trial court cannot correct a judicial error outside of its plenary power, it may enter a judgment nunc pro tunc correcting a clerical error at any time. *State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994); *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986). "The classification of an error as clerical or judicial is a question of law." *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988). "A clerical error is one which does not result from judicial reasoning or determination." *Id.* "A judicial error is an error which occurs in the rendering as opposed to the entering of a judgment." *Escobar*, 711 S.W.2d at 231. "The trial court cannot, through a judgment nunc pro tunc, change a court's records to reflect what it believes should

3

have been done." *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007). "'Thus, before a judgment nunc pro tunc may be entered, there must be proof that the proposed judgment was . . . actually rendered or pronounced at an earlier time.'" *Id.* (quoting *Wilson v. State*, 677 S.W.2d 518, 521 (Tex. Crim. App. 1984)). This is because "[t]he purpose of a nunc pro tunc order is to correctly reflect from the records of the court a judgment actually made by it, but which for some reason was not entered of record at the proper time." *Poe*, 751 S.W.2d at 876.

We look to the record to determine whether the errors corrected by the nunc pro tunc were clerical in nature. The trial court's written admonishments stated (1) that Howard was charged with criminal mischief over $20,000.00, a third degree felony, (2) that as a result of the State's enhancement allegation, the range of punishment was that of a second degree felony, and (3) that if convicted, Howard could be confined for not more than twenty years or less than two years and ordered to pay a fine not to exceed $10,000.00. After acknowledging the trial court's written admonishments, Howard entered a judicial confession to the State's indictment. Howard's written stipulation of evidence affirms that, consistent with the body of the indictment, "[t]he aggregate value of the property damaged or destroyed was $20,000.00 or more but less than $100,000.00."[2] Prior to taking Howard's plea, the trial court told Howard that he was "charged with the offense of criminal mischief over $20,000" and read the body of the State's indictment to him. Howard told the court that he fully understood the plea papers and that he had gone over the written plea admonishments with his counsel. Howard pled guilty to the offense as recited by the trial court, and the trial court accepted his plea of guilt and found him

---

[2]The written stipulation was signed by Howard, his counsel, and the trial court.

guilty "of criminal mischief over 20,000 but less than $100,000." Thus, the appellate record establishes that Howard was convicted of a third degree offense pursuant to Section 28.03(b)(5).

As demonstrated by the appellate record, the corrected degree of offense and statute of offense provided by the judgment nunc pro tunc did not result from judicial reasoning or determination. Rather, there is proof that the terms of the judgment nunc pro tunc were actually rendered or pronounced at the plea hearing. Thus, these errors occurred in the entry of the written judgment—not in the rendition of the judgment, and the trial court's judgment nunc pro tunc was proper even though its plenary power had long since expired. *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. [Panel Op.] 1980); *see*; *Musgrove v. State*, 425 S.W.3d 601, 612 (Tex. App.—Houston [14th Dist.] 2014, pet. struck) (reforming judgment to reflect correct offense level); *Jackson v. State*, 391 S.W.3d 139, 143 (Tex. App.—Texarkana 2012, no pet.) (reforming judgment to reflect correct statute of offense).

The judgment nunc pro tunc also corrected the original judgment's omission of a plea of true to the State's enhancement allegation. On August 3, 2009, the State filed its first notice of intent to seek higher punishment based on two prior convictions. The first enhancement allegation alleged that Howard was convicted of theft on December 29, 1992, in cause number CR93196 in the 4th Judicial District Court of Rusk County, Texas. The second enhancement allegation alleged that Howard was convicted of burglary of a habitation on June 21, 2002, in cause number 29396-A in the 188th Judicial District Court of Gregg County, Texas. On August 7, 2009, the State filed another notice of intent to seek higher punishment that (1) omitted

5

the first allegation in the August 3 motion, and (2) relied only on the second allegation in the August 3 motion. The following discussion occurred at the plea hearing:

> [THE STATE]: The State would like to abandon the very first notice that we filed because we have filed a second notice.

> THE COURT: All right. What's the date of the second notice? . . . . So the second notice was the one filed on August 7th, 2009.

> [THE STATE]: Correct.

> THE COURT: Okay.

> [THE STATE]: We'd like to abandon the first notice filed and proceed on the notice that was filed August 7th.

> THE COURT: I'm on the same page with you now.

The trial court (1) admonished Howard on the sole enhancement allegation in the August 7 notice, (2) informed Howard that a finding of true to the enhancement would result in punishment in the second-degree felony range, and (3) accepted his plea of true to the sole allegation. However, while the original written judgment set punishment within the second-degree felony range, it listed Howard's plea as "N/A" to the enhancement allegation.

The reporter's record demonstrates that the omission of Howard's plea to the enhancement allegation was a clerical error. Thus, we find that the trial court's judgment nunc pro tunc correcting the omission was proper. *See Woods v. State*, 398 S.W.3d 396, 405–06 (Tex. App.—Texarkana 2013, pet. ref'd) (classifying errors in judgment regarding pleas as to enhancements as typographical errors).

However, as pointed out by both Howard and the State, the judgment nunc pro tunc also contains a clerical error. "We have the authority to [modify] the judgment to make the record

6

speak the truth when the matter has been called to our attention by any source." *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.) (citing *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992)); *see* TEX. R. APP. P. 43.2(b). It is uncontested that Tanya L. Reed (formerly Tanya L. Taylor) was the attorney representing the State and that both the original judgment and the judgment nunc pro tunc incorrectly list Brian Lemaire as the State's attorney. Thus, we modify the judgment nunc pro tunc to substitute Reed's name for Lemaire's.

We modify the judgment nunc pro tunc to correctly reflect that Tanya L. Reed represented the State in this case and affirm it, as modified.

Bailey C. Moseley
Justice

Date Submitted:     September 15, 2014
Date Decided:       October 15, 2014

Do Not Publish

7