**Reginald D. DAVIS, Appellant**

v.

**The STATE of Texas**

**NO. PD-1526-15**

Court of Criminal Appeals of Texas.

DELIVERED: September 14, 2016

Reginald D. Davis, Lovelady, TX, Appellant Pro Se.

Sharen Wilson, District Attorney Tarrant County, Fort Worth, TX, Lisa C. McMinn, State's Attorney, Austin, for the State.

## ORDER

Per curiam.

For the second time in a row, Appellant has not received timely notice of the trial court's denial of his motion for DNA testing. *Davis v. State*, No. PD-1490-14, 2015 WL 9594718 (Tex.Crim.App. delivered March 18, 2015) (not designated for publication). Once again, the Court of Appeals has held that Appellant's notice of appeal was untimely. *Davis v. State*, No. 02-15-00283-CR, 2015 WL 10028889 (Tex.App.-Fort Worth October 22, 2015) (not designated for publication).

Appellant contends that the Court of Appeals erred. But because Appellant's notice of appeal was untimely, the appellate court correctly dismissed his appeal for lack of jurisdiction. Tex. R. App. P. 26.2(a)(1); *Castillo v. State*, 369 S.W.3d 196 (Tex.Crim.App.2012). Accordingly, we refuse Appellant's petition for discretionary review.

Appellant's recourse is to file a third motion for DNA testing in the trial court. *Ex parte Suhre*, 185 S.W.3d 898 (Tex. Crim.App.2006). We are mindful of Appellant's desire to avoid being placed in a "never-ending loop," and we order the trial court and the district clerk to ensure that Appellant receives timely notice of the trial court's next ruling.

YEARY, J., filed a concurring opinion. ALCALA, J., filed a dissenting opinion, in which JOHNSON, J., joined.

YEARY, J., filed a concurring opinion.

For a second time, Appellant, acting *pro se*, has been deprived of his right to appeal an adverse ruling on his motion for post-conviction DNA testing under Chapter 64 of the Texas Code of Criminal Procedure because he did not receive timely notice of the trial court's order denying the testing he requested. The last time this happened, the court of appeals dismissed his purported appeal for lack of jurisdiction. Because Appellant did not timely receive notice of the trial court's order, he failed to timely

file his notice of appeal. Without a timely notice of appeal, the court of appeals deemed itself to lack jurisdiction over the appeal. *See Castillo v. State*, 369 S.W.3d 196, 198 (Tex.Crim.App.2012) ("Timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal."); Tex. R. App. P. 26.2(a)(1) (notice of appeal, to be timely, "must be filed ... within 30 days after ... the day the trial court enters an appealable order").

The last time this happened to Appellant, he sought recourse in this Court by way of a petition for discretionary review. We denied his petition in an unpublished written order in which we informed Appellant that he could obtain an appealable order by simply filing another motion for DNA testing, as recognized by *Ex parte Suhre*, 185 S.W.3d 898 (Tex.Crim.App. 2006). *Davis v. State*, No. PD–1490–14, 2015 WL 9594718 (Tex.Crim.App. March 18, 2015) (not designated for publication). Appellant did so, but once again, the trial court failed to timely notify him when it denied his motion. By the time Appellant received notice, it was once again too late for him to timely file a notice of appeal, and the court of appeals dismissed his appeal again. *Davis v. State*, No. 02–15–00283–CR, 2015 WL 10028889 (Tex.App.–Ft. Worth Oct. 22, 2015) (not designated for publication). For a second time he has petitioned this Court for discretionary review. Once again, this Court has refused that petition in recognition of the lack of jurisdiction in the court of appeals. And once again, we have assured Appellant that he can always file another DNA motion, and we "urge the trial court to ensure that Appellant receives timely notice of its next ruling."[1]

The trial court signed the order denying Appellant's second motion for DNA testing on April 17, 2015. Appellant alleges he did not receive actual notice of this order until June 9, 2015, some 53 days after it was signed. Because this was more than 30 days after the order was signed, any notice of appeal he might have attempted would have been unavoidably tardy. Tex. R. App. P. 26.2(a)(1). Moreover, it also came more than 15 days after his thirty day deadline for filing a notice of appeal, so he could not have expected to succeed in a motion for extension of time to file his notice of appeal. Tex. R. App. P. 26.3.

Appellant urged the court of appeals and now this Court to nevertheless recognize his late-filed notice of appeal under Rule 4.2(a)(1) of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 4.2(a)(1) (if a party does not receive timely notice of an appealable order, the time period does not begin to run until the earlier of the date of formal notice or actual knowledge of the order). This rule applies only in civil cases, however. And, in any event, Appellant's thirty day period would have expired on July 9, 2015, whereas he did not eventually file his notice of appeal until August 7, 2015. Although the trial court purported to re-issue the order on July 23, 2015, the court of appeals rightly concluded that, by that time, the trial court had lost plenary jurisdiction to enter any new orders in the case. Such a void order could not operate to start the time for filing a notice of appeal anew so as to confer jurisdiction on the court of appeals. *See Davis v. State*, 2015 WL 10028889, at *1. Appellant could not prevail under Rule 4.2(a)(1), even if it applied.

---

1. It would not hurt to remind the trial court of its duty under the Code of Judicial Conduct to "dispose of all judicial matters promptly, efficiently and fairly." Tex. Code Jud. Conduct, Canon 3 **B.** (9). I presume this would include timely notification of rulings on appealable orders.

And yet—it is most unsatisfying that the best that we can do for Appellant is, once again, to urge him to re-file his DNA motion. At some point, if the trial court persists in providing Appellant notice of its appealable orders that is so late that Appellant has no remedial options, it simply deprives him of due process. Article 64.05 of the Texas Code of Criminal Procedure entitles appellants to appeal from adverse rulings on motions for DNA testing. TEX. CODE CRIM. PROC. art. 64.05. That entitlement, once conferred, cannot be arbitrarily taken away. *See Hicks v. Oklahoma*, 447 U.S. 343, 346, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980) (appellate court's denial of appellant's statutory right to a jury determination of punishment within the statutory range was not merely a matter of "exclusively state concern"; it implicated a "liberty interest that the Fourteenth Amendment preserves against arbitrary deprivation by the State"). A court of appeals always has jurisdiction to determine its own jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 523 (Tex.Crim.App.1996). In deciding whether it has acquired jurisdiction over an appeal, a court of appeals may be justified, it seems to me, to take into account any dilatory tactics of a lower court that are designed to prevent or forestall the attachment of appellate jurisdiction. A trial court simply cannot be allowed to persist in conduct that has the consequence of creating a "never-ending loop" (as the Court calls it today) whereby it forever insulates its otherwise appealable rulings from appellate review. An appellate court cannot sanction the arbitrary deprivation of a statutorily conferred right to appeal by the irremediable actions of a trial court.[2]

I mean by this neither to accuse the trial court of such dilatoriness in this case nor to fault the court of appeals for dismissing the appeal at this stage. Nevertheless, should the trial court fail a *third* time to notify Appellant in a timely manner of its appealable order upon the Appellant's filing of a *third* motion for DNA testing, I would urge the court of appeals to take that circumstance into account in judging whether it has jurisdiction over the appeal—even in the face of another tardy notice of appeal. I would also suggest to Appellant that the Rules of Appellate Procedure "expressly recognize the premature filing of a notice of appeal, specifically making it 'effective and deemed filed on the same day, but after ... the appealable order [was] signed by the trial court.' TEX. R. APP. P. 27.1(b)." *State v. Wachtendorf*, 475 S.W.3d 895, 904 (Tex.Crim.App.2015) (plurality opinion).

With these additional comments, I join the Court's order.

ALCALA, J., filed a dissenting opinion in which JOHNSON, J., joined.

This is the second occasion that this Court has had to consider the complaint presented by Reginald D. Davis, appellant, that he was deprived of his right to appeal the trial court's ruling denying his motion for post-conviction DNA testing as a result of that court's failure to give him timely notice of its ruling. History has repeated itself in this case. As applied in this case, there appears to be a systemic flaw in the way that this *pro se*, incarcerated litigant has been notified of the trial court's appealable order regarding the denial of Chapter 64 DNA testing. I would, on our own motion, grant review as to the question of whether this systemic failure re-

---

2. I do not mean to accuse this trial court judge of dilatoriness. After all, the judge did attempt to make up for the tardy notice by re-issuing its order on July 23rd—never mind that the trial court lacked plenary jurisdiction to do so by that time.

sults in a due-process violation in this case, and I would hold that it does. I, therefore, respectfully dissent from this Court's decision to refuse appellant's petition for discretionary review.

The last time that appellant presented his identical complaint to this Court, I addressed this problem by observing that this situation "appear[ed] likely to repeat itself given that many individuals seeking post-conviction DNA testing are, like appellant, incarcerated and unrepresented by counsel, and given that orders in Chapter 64 proceedings are routinely issued outside the defendant's presence." *Davis v. State*, No. PD–1490–14, 2015 WL 9594718, at *2 (Tex.Crim.App. Mar. 18, 2015) (per curiam) (Alcala, J., concurring).[1] As a potential policy solution to this problem, I suggested that this Court might consider amending the rules of appellate procedure so that, in situations involving appealable orders under Chapter 64, the appellate timetables would run from the date upon which a defendant receives notice or acquires actual knowledge of such an order, as opposed to the date upon which the trial court enters the order. *Id.* I noted that the civil rules of appellate procedure already provide for such an extended timetable whenever a party has not received timely notice of an appealable order, but that no such exception exists in the criminal rules. *Id.* (citing Tex. R. App. P. 26.2(a), Tex. R. App. P. 4.2(a)). I concluded by observing that such an amendment to the appellate timetables, limited to the context of Chapter 64 proceedings, "would ensure that *pro se* defendants are able to exercise their right to appeal the denial of post-conviction DNA testing and would promote judi-cial economy by resolving such matters in a single proceeding rather than encouraging successive filings." *Id.* This Court's rules committee has discussed possible amendments to the criminal rules of appellate procedure but has yet to enact any rules that would resolve the instant problem as it applies to appellant.

In his present petition, appellant once again complains of the trial court's failure to provide him with timely notice of its appealable order denying post-conviction DNA testing, thereby depriving him once again of his right to appeal that ruling. In particular, appellant complains that the current rules of appellate procedure that allow for no exception to the appellate timetables when an incarcerated, *pro se* defendant has not received timely notice of an appealable order are flawed, lead to "absurd consequences," and have placed him in a "neverending loop" of litigation. He notes that, if this were a civil case governed by Rule of Appellate Procedure 4.2(a)(1), then the court of appeals would be permitted to hear his appeal, and he argues that this disparate treatment of civil and criminal cases is unjust.

Appellant, who is proceeding *pro se* in this petition, suggests that this Court might remedy this problem by either applying the civil rules of appellate procedure to his case or, alternatively, creating an exception to the appellate timetables in the interests of justice. Although those particular remedies do not appear to be viable under this Court's established precedent,[2] given that appellant is *pro se*, and given the systemic failure that has twice

---

1. I note here that at least one other *pro se* inmate has filed a petition for discretionary review in this Court raising a similar complaint regarding a trial court's failure to timely notify him of its ruling denying post-conviction DNA testing under Chapter 64. *See* *Schmotzer v. State*, PD-0142-16 (petition filed May 6, 2016). That petition remains pending before this Court.

2. *See, e.g., Slaton v. State*, 981 S.W.2d 208, 209–10 (Tex.Crim.App.1998).

occurred in this case, I would sustain this *pro se* appellant's complaint on our own motion on the basis of a due-process violation, and I would reset the appellate timetables to permit appellant the opportunity to appeal.

With these comments, I respectfully dissent.