**Terry Preston HELMCAMP, Appellant**

v.

**The STATE of Texas**

**NO. PD–1114–16**

Court of Criminal Appeals of Texas.

Filed: January 25, 2017

Terry Preston Helmcamp, pro se.

Brett Ligon, District Attorney, Conroe, TX, Stacey Soule, State's Attorney, Austin, TX, for The State.

## CONCURRING OPINION

Yeary, J., filed a concurring opinion in which Richardson, J., joined.

Once again, an appellant, acting *pro se*, has been deprived of his right to appeal an adverse ruling on his motion for post-conviction DNA testing under Chapter 64 of the Texas Code of Criminal Procedure because he did not receive timely notice of the trial court's order denying the testing he requested. *See, e.g., Davis v. State*, 502 S.W.3d 803 (Tex. Crim. App. 2016) (Yeary, J., concurring) (appellant deprived of appeal from multiple DNA motions because of untimely notices of appeal caused by untimely notifications of trial court's denial of those motions). Because Appellant did not timely receive notice of the trial court's order here, he failed to timely file his notice of appeal. *Helmcamp v. State*, No. 09-16-00281-CR, 2016 WL 4544481 (Tex. App.–Beaumont Aug. 31, 2016) (not designated for publication). Without a timely notice of appeal, the court of appeals correctly deemed itself to lack jurisdiction over the appeal. *See Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012) ("Timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal."); Tex. R. App. P. 26.2(a)(1) (notice of appeal, to be timely, "must be filed ... within 30 days after ... the day the trial court enters an appealable order"). This Court today denies Appellant's petition for discretionary review on the understanding that the appropriate reme-

---

**29.** *See McConnell v. Southside Indep. Sch.*   *Dist.*, 858 S.W.2d 337, 341–342 (Tex. 1993).

dy, as recognized by *Ex parte Suhre*, 185 S.W.3d 898 (Tex. Crim. App. 2006), is for Appellant to file another motion for DNA testing.

The trial court signed the order denying Appellant's first motion for DNA testing on May 20, 2016. Appellant alleges he did not receive actual notice of this order until July 25, 2016, some 68 days after it was signed. Because this was more than 30 days after the order was signed, any notice of appeal he might have attempted would have been unavoidably tardy. Tex. R. App. P. 26.2(a)(1). Moreover, it also came more than 15 days after his thirty day deadline for filing a notice of appeal, so he could not have expected to succeed in a motion for extension of time to file his notice of appeal. Tex. R. App. P. 26.3. The court of appeals did not err to dismiss Appellant's appeal. And yet, it is most frustrating that the best we can do for Appellant is to urge him to re-file his DNA motion.

We are seeing an increasing number of *pro se* appeals from the denial of DNA motions that are being dismissed because of tardy notifications such as the one we see here. At some point, if trial courts persist—however inadvertently—in providing *pro se* appellants notice of its appealable orders that is so late that they have no remedial options,[1] it simply deprives those *pro se* appellants of due process. Article 64.05 of the Texas Code of Criminal Procedure entitles appellants to appeal from adverse rulings on motions for DNA testing. Tex. Code Crim. Proc. art. 64.05. That entitlement, once conferred, cannot be arbitrarily taken away. *See Hicks v. Oklahoma*, 447 U.S. 343, 346, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980) (appellate court's denial of appellant's statutory

right to a jury determination of punishment within the statutory range was not merely a matter of "exclusively state concern"; it implicated a liberty interest "that the Fourteenth Amendment preserves against arbitrary deprivation by the State").

Perhaps the time has come for this Court, under its rulemaking authority, to adopt a rule for criminal appeals that provides some succor for appellants who do not receive timely notification of appealable orders so that they may timely invoke the appellate process. Because we have not yet done so, however, I agree that Appellant's present remedy is to file a second motion for DNA testing. I would also suggest to Appellant that the Rules of Appellate Procedure "expressly recognize the premature filing of a notice of appeal, specifically making it 'effective and deemed filed on the same day, but after … the appealable order [was] signed by the trial court.' Tex. R. App. P. 27.1(b)." *State v. Wachtendorf*, 475 S.W.3d 895, 904 (Tex. Crim. App. 2015) (plurality opinion).

With these additional comments, I join the Court's order refusing Appellant's petition for discretionary review.

## DISSENTING OPINION

Alcala, J., filed a dissenting opinion.

I respectfully dissent from this Court's refusal of the petition for discretionary review filed by Terry Preston Helmcamp, appellant. For the reasons explained below, I would grant review on our own motion to consider whether a due-process violation has occurred in this case, and, if so, I would reset the appellate timetables

---

1. It would not hurt to remind trial courts of their duty under the Code of Judicial Conduct to "dispose of all judicial matters promptly, efficiently and fairly." Tex. Code Jud. Conduct, Canon 3 B.(9). I presume this would include timely notification of rulings on appealable orders.

to permit appellant an opportunity to appeal.

In his instant pleadings, appellant, who is *pro se* and incarcerated, contends that he has been prevented from appealing the trial court's order denying his motion for post-conviction DNA testing due to untimely notice of the court's order. Appellant contends that the trial court signed its order denying his motion for DNA testing on May 20, but he did not receive notice of that order until July 25, which was long after the thirty-day window for filing a notice of appeal had passed. *See* TEX. R. APP. P. 26.2(a). The lower court's opinion dismissing appellant's subsequent appeal for want of jurisdiction appears to confirm that appellant did not receive timely notice of the trial court's order. *See Helmcamp v. State*, No. 09-16-00281-CR, 2016 WL 4544481 (Tex. App.–Beaumont Aug. 31, 2016). In his instant petition, appellant appears to complain that the court of appeals erred by dismissing his appeal, given the trial court's failure to comply with the rules of appellate procedure, which provide that, "[w]hen a court enters a judgment or other appealable order and the defendant has a right of appeal, the court (orally or in writing) shall advise the defendant of his right of appeal and of the requirements for timely filing a sufficient notice of appeal." *See* TEX. R. APP. P. 25.2(h). In short, appellant appears to suggest that, because the trial court did not timely notify him of its order or of his right of appeal, the court of appeals erred by dismissing his appeal.

In the past, I have observed that the type of problem that has occurred in this case is likely to repeat itself, given that trial courts routinely issue orders in Chapter 64 proceedings outside of a defendant's presence, as here, due to the defendant's incarceration and lack of counsel to assist with the *pro se* motion for post-conviction DNA testing. *Davis v. State*, No. PD-1490-14, 2015 WL 9594718, at *2 (Tex. Crim. App. Mar. 18, 2015) (Alcala, J., concurring). In fact, this very problem did repeat itself in the case of Reginald Davis, who twice filed a motion for post-conviction DNA testing, and who was twice denied his right to appeal the trial court's order denying his motion due to untimely notice from that court. *Davis v. State*, 502 S.W.3d 803 (Tex. Crim. App. 2016) (Alcala, J., dissenting). In my opinion dissenting from the refusal of Davis's second petition for discretionary review, I urged this Court to grant review on our own motion to assess whether the trial court's repeated failure to provide Davis with timely notice of its appealable orders would constitute a due-process violation, the remedy for which would be to reset the appellate timetables and permit Davis the opportunity to appeal. *Id.* at 806–07. In a case subsequent to *Davis* that presented similar facts, this Court again refused review, and I dissented. *See Schmotzer v. State*, No. PD-0142-16, 2016 WL 5118330 (Tex. Crim. App. Sept. 21, 2016) (Alcala, J., dissenting).

Given the frequency with which this problem continues to present itself in situations involving *pro se*, incarcerated litigants, I once again urge this Court to grant review of appellant's case on our own motion to assess whether the systematic denial of the right of appeal in Chapter 64 DNA proceedings due to untimely notice of appealable orders results in a due-process violation, the remedy for which is to reset the appellate timetables. Because the Court declines to consider this issue, I respectfully dissent.