

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-17-00043-CR

RICHARD STANLEY                                                    APPELLANT

V.

THE STATE OF TEXAS                                                       STATE

----------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. F-93-1245-D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Richard Stanley attempts to appeal from the trial court's October 26, 2016 order denying his motion for DNA testing. Stanley's notice of appeal was due no later than November 28, 2016. *See* Tex. R. App. P. 26.2(a)(1). Stanley filed his notice of appeal on February 6, 2017.

---

[1]*See* Tex. R. App. P. 47.4.

On February 22, 2017, we notified Stanley of our concern that we lacked jurisdiction over this matter because his notice of appeal was untimely filed. We informed him that this appeal could be dismissed unless he, or any party desiring to continue the appeal, filed a response showing grounds for continuing the appeal on or before March 6, 2017. *See* Tex. R. App. P. 44.3. Stanley timely filed a response to our jurisdiction letter.

In his response, Stanley points out that he did not receive notice of the trial court's order denying his motion for DNA testing until January 19, 2017, well after the deadline to file his notice of appeal had passed. But the fact that Stanley did not receive notice of the trial court's order until after the appellate deadline expired does nothing to confer us with jurisdiction over his appeal. *See Davis v. State*, 502 S.W.3d 803, 803 (Tex. Crim. App. 2016) (order) (stating court of appeals "correctly dismissed [appellant's] appeal for lack of jurisdiction" where notice of appeal was late due to appellant not receive timely notice of trial court's denial of his motion for DNA testing). A timely notice of appeal is essential to vest this court with jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996). Accordingly, we dismiss this appeal for want of jurisdiction.[2] *See* Tex. R. App. P. 43.2(f); *Davis*, 502 S.W.3d at 803.

---

[2]Stanley's response also included a motion to stay and abate the appeal pending the resolution of a motion he filed in the trial court. Because we lack jurisdiction over this appeal, we take no action on Stanley's motion to stay and abate the appeal. *See Elliott v. Deutsche Bank Nat'l Trust Co.*, No. 02-16-00421-CV, 2017 WL 526315, at *1 n.2 (Tex. App.—Fort Worth Feb. 9, 2017, no pet. h.)

                                                    /s/ Sue Walker
                                                    SUE WALKER
                                                    JUSTICE

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 30, 2017

---

(mem. op.) ("Because we lack jurisdiction over this appeal, we take no action on Appellants' 'Motion for Stay of Action on Appeal.'").