

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-17-00001-CR

JAMES E. WILLIAMS          APPELLANT

V.

THE STATE OF TEXAS          STATE

----------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1469951R

----------

## MEMORANDUM OPINION[1]

----------

Appellant James E. Williams appeals from his conviction for attempted kidnapping and argues that the trial court's later entry of a sex-offender-registration requirement was invalid and made without notice and an opportunity to be heard. The State asserts that because Williams's postjudgment motions for new trial and motion in arrest of judgment did not extend the appellate timetables

---

[1]*See* Tex. R. App. P. 47.4.

regarding any complaint directed to the order imposing the registration requirement, we lack jurisdiction over Williams's appeal complaining of the order. We conclude that Williams's postjudgment motions extended the time within which he was required to file his notice of appeal, invoking this court's jurisdiction over his appeal. Even so, the trial court did not err by adding the registration requirement.

## I. BACKGROUND

### A. JUDGMENT OF CONVICTION

On October 6, 2016, a jury found Williams guilty of the attempted kidnapping of A.H., who was younger than fourteen, while she was walking home from school.[2] *See* Tex. Penal Code Ann. §§ 15.01, 20.03 (West 2011). After a punishment hearing, the jury assessed his sentence at two years' confinement with a $10,000 fine. The trial court imposed the sentence in open court and rendered judgment in accordance with the jury's verdict on October 6. As relevant to this appeal, the trial court's judgment found that Williams was not required to register as a sex offender and did not award any credit for the time Williams had already spent confined:

> **Sex Offender Registration requirements do not apply to the Defendant.**
> TEX. CODE CRIM. PROC. chapter 62.
>
> The age of the victim at the time of the offense was **N/A**.
> > If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order.

---

[2]This offense was a lesser-included offense of the indicted offense of aggravated kidnapping. *See* Tex. Code Crim. Proc. Ann. art. 37.09 (West 2006).

Time
Credited: If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.
**N/A Days  Notes: N/A**

## B.  POSTJUDGMENT MOTIONS AND FIRST NUNC PRO TUNC ORDER

On October 13, Williams filed a combined motion for a new punishment trial and a motion in arrest of judgment, arguing that the punishment was contrary to the law and the evidence and that the denial of credit for the time Williams served violated the code of criminal procedure.  *See* Tex. Code Crim. Proc. Ann. arts. 42.03, § 2, 42A.559(c) (West 2018); Tex. R. App. P. 21.1(b), 21.3(h), 22.2(c).  On October 24, Williams filed a verified motion for new trial, supported by Williams's affidavit and a business-records affidavit from the Tarrant County Sheriff's Department, raising the same arguments as in his October 13 motion. *See generally King v. State*, 29 S.W.3d 556, 569 (Tex. Crim. App. 2000) (discussing when affidavit required to support new-trial motion).  That same day—October 24—Williams also filed a motion for judgment nunc pro tunc, arguing that the judgment was "incorrect" because it failed to award him credit for the eighteen months he spent in jail before trial.  *See* Tex. R. App. P. 23.2.

On October 25, the trial court signed a "**NUNC PRO TUNC ORDER CORRECTING MINUTES OF THE COURT**" (the first nunc pro tunc order), which "amended and corrected" the October 6 judgment to state that Williams was required to register as a sex offender and that A.H. was younger than fourteen at the time of the offense.  No other portions of the judgment were included in the first nunc pro tunc order.  The trial court directed the trial-court clerk "to attach a

copy of this Order to the original Judgment in the above styled and numbered cause."

On October 26, the State filed a response to Williams's motion for judgment nunc pro tunc, agreeing that he was entitled to the time credit and requesting that the trial court grant his motion.[3]  On October 27, Williams filed an amended motion for judgment nunc pro tunc again asserting that he was entitled to time-served credit.

### C.  SECOND NUNC PRO TUNC ORDER AND APPEAL

On October 28, the trial court signed a "**JUDGMENT NUNC PRO TUNC**" (the second nunc pro tunc order) and found that the October 6 judgment "should be amended and corrected" to recite that Williams would receive time credit "**From: April 18, 2015  To: October 6, 2016**."[4]  Again, the trial court did not include all terms of the judgment, but ordered the trial-court clerk "to attach a copy of this Order[5] to the original Judgment in the above-styled and numbered

---

[3]Although Williams raised this argument in his motions for new trial and motion in arrest of judgment as well, the State's response was directed only to his motion for judgment nunc pro tunc.

[4]The trial court stated in the second nunc pro tunc order that it had "considered" Williams's amended motion for judgment nunc pro tunc but did not expressly rule on the motion.

[5]The trial court entitled its document as a judgment; however, the substance of the document shows that it was intended as an order to be attached to the prior judgment—a supplement to the October 6 judgment.  The substance of the order controls over its title.  Cf. *Mathes v. Kelton*, 569 S.W.2d 876, 878 & n.3 (Tex. 1978) (in civil context, holding substance of judgment, not its title, controlled in determining validity of judgment nunc pro tunc).

4

cause." After Williams's motions for new trial and motion in arrest of judgment were deemed denied, Williams filed a notice of appeal on December 16 "from judgments heretofore rendered against him." *See* Tex. R. App. P. 21.8(c), 22.4(b).

On appeal, Williams argues that the trial court erred by entering the registration requirement in the first nunc pro tunc order because the correction was not clerical and was not part of the original judgment; thus, its absence could not be corrected by way of a nunc pro tunc order. He further asserts in a related issue that the registration requirement was improperly added to the judgment without first giving him notice and an opportunity to be heard.

## II. JURISDICTION

The State argues that we do not have jurisdiction over this appeal because Williams failed to file his notice of appeal within thirty days of the first nunc pro tunc order—by November 28, 2016[6]—which is the appealable order he challenges on appeal. *See* Tex. R. App. P. 26.2(a)(1); *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012). In making this argument, the State asserts that Williams's motions for new trial and motion in arrest of judgment, while timely, did not extend the appellate timetables regarding the trial court's

---

[6]The thirtieth day after the trial court signed the first nunc pro tunc order was November 24, which was Thanksgiving Day. Because that was a legal holiday and because the clerk's office was closed the next day—Friday, November 25—the thirty-day deadline would have been extended to the next business day—Monday, November 28. *See* Tex. R. App. P. 4.1.

5

first nunc pro tunc order. In other words, the State asserts that if Williams had raised an appellate issue directed to his judgment and sentence as imposed on October 6, his notice of appeal was timely; but because he attacks the registration requirement included in the first nunc pro tunc order, the State argues that Williams's notice of appeal was due no later than thirty days after the trial court entered the first nunc pro tunc order under Rule 26.2(a)(1).

While this argument is initially persuasive, we cannot agree under the singular facts of this appeal. We have jurisdiction to determine appeals in criminal cases only to the extent authorized by law. *See Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). The rules of appellate procedure, while not determinative of our jurisdiction, do provide procedures that litigants must follow to invoke it. *See Chavez v. State*, 183 S.W.3d 675, 679 (Tex. Crim. App. 2006); *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996). These rules provide that a defendant invokes our jurisdiction by filing a compliant notice of appeal either "(1) within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order; **or** (2) within 90 days after the day sentence is imposed or suspended in open court **if the defendant timely files a motion for new trial**." Tex. R. App. P. 26.2(a) (emphases added).

The State's argument focuses on subsection (a)(1) to assert that the first nunc pro tunc order was an appealable order that started a new appellate clock as to any complaint regarding the contents of the first nunc pro tunc order. But

6

Williams timely filed motions for new trial and a motion in arrest of judgment, which extended the trial court's plenary power and classified his appeal as one falling under subsection (a)(2) of Rule 26.2. *See* Tex. R. App. P. 21.8, 22.4; *cf. Collins v. State*, 240 S.W.3d 925, 927 n.2 (Tex. Crim. App. 2007) ("We have suggested in past cases that a trial court has plenary power to modify or rescind its order if a motion for a new trial or a motion in arrest of judgment is filed within 30 days of sentencing."); *Davis v. State*, No. 02-15-00283-CR, 2015 WL 10028889, at *1 (Tex. App.—Fort Worth Oct. 22, 2015) (mem. op., not designated for publication) (discussing trial court's plenary power), *pet. ref'd*, 502 S.W.3d 803 (Tex. Crim. App. 2016). Nothing in Rule 26.2(a)(2) limits the expanded ninety-day deadline to the substance of an appellant's complaints on appeal or to the grounds raised in the motion. *Cf.* Tex. R. App. P. 21.2 (providing motion for new trial not prerequisite for appellate issue unless necessary to "adduce facts not in the record"). All that is required is that "the defendant **timely** files **a** motion for new trial." Tex. R. App. P. 26.2(a)(2) (emphases added); *see also* Tex. R. App. P. 22.5 (equating order denying motion in arrest of judgment to order denying motion for new trial for purposes of timely perfecting appeal); *cf.* Tex. R. App. P. 21.4(a) (providing defendant "may file a motion for new trial before, but no later than 30 days after, the date when the trial court imposes or suspends sentence in open court"); Tex. R. App. P. 22.3 (providing same deadline for motion in arrest of judgment, which is during trial court's plenary power). Therefore, the plain language of rule 26.2(a) leads to a conclusion that

Williams's notice of appeal was due no later than January 4, 2017—90 days after the trial court imposed Williams's sentence in open court—based on his timely filed motions for new trial and motion in arrest of judgment, rendering his December 16 notice of appeal timely filed.

To hold as the State urges would lead to a conclusion in this case that there were three separately calculable deadlines for Williams to file his notice of appeal, each dependent on the claim raised and each based on actions taken by the trial court during its plenary power: (1) ninety days after the trial court imposed sentence in open court for claims arising from his conviction of the lesser-included offense; (2) thirty days after the trial court's entry of the first nunc pro tunc order for claims arising from the registration requirement; and (3) thirty days after the trial court's entry of the second nunc pro tunc order for claims arising from the time-credit calculation.[7]  *See generally Harkcom v. State*, 484 S.W.3d 432, 434 (Tex. Crim. App. 2016) ("A person's right to appeal a civil or criminal judgment should not depend upon traipsing through a maze of technicalities.").  Certainly, when a judgment nunc pro tunc is entered months, if

---

[7]It is not clear if the State would agree that because Williams raised the time-credit issue in his motions for new trial and motion in arrest of judgment, those postjudgment filings operated to extend his appellate timetable to ninety days from October 6.  Indeed, the State instead could assert under its jurisdictional theory that Williams's challenge to the time-credit calculation was subject to the thirty-day deadline because the postjudgment motions were filed before the second nunc pro tunc order was entered.  In any event, multiple notice-of-appeal deadlines, based on the trial court's actions that all occurred during its plenary power, seem untenable under the facts of this case.

not years, after the first judgment was rendered and after the trial court's plenary power expired, the nunc pro tunc judgment starts a new appellate timetable under rule 26.2(a)(1) as "an appealable order," allowing the appellant to appeal from the nunc pro tunc judgment. *See Blanton*, 369 S.W.3d at 896–97, 902–04 (holding nunc pro tunc judgment entered twenty-two years after original judgment and sentence was an appealable order under rule 26.2(a)(1), starting new appellate timetable on appellate claims directed to changes included in nunc pro tunc judgment); *Dewalt v. State*, 417 S.W.3d 678, 688–90 (Tex. App.—Austin 2013, pet. ref'd) (holding under rule 26.1(a)(1), notice of appeal challenging nunc pro tunc judgment due thirty days after its entry, which was six years after date sentence imposed in open court). But where a timely motion for new trial or motion in arrest of judgment is filed, the plain language of rule 26.2(a)(2) renders a notice of appeal timely if filed no later than ninety days after the trial court imposed sentence in open court. Williams did just that and, thereby, invoked our jurisdiction to consider his appeal directed to the trial court's actions taken within its plenary power.

The jurisdictional puzzle in this appeal appears to have been heightened by the parties' and the trial court's misnomers of the actions the trial court took in the first and second nunc pro tunc orders. Nunc pro tunc orders or judgments generally are reserved for actions taken outside a trial court's plenary power, requiring a trial court to rely on its inherent authority to make the record reflect what previously and actually occurred during its plenary power. *See, e.g.,*

*Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. [Panel Op.] 1980); *Ware v. State*, 62 S.W.3d 344, 354–55 (Tex. App.—Fort Worth 2001, pet. ref'd). A trial court may correct only clerical errors in a nunc pro tunc order or judgment precisely because it lost plenary power and, thus, jurisdiction to correct judicial errors:

> The Rules of Appellate Procedure allow a trial court to modify, correct or set aside judgment and orders through motions for new trial, motions to arrest judgment and motions for judgment nunc pro tunc. Rule 36 [now, Rule 23] vests a trial court with the authority to correct mistakes or errors in a judgment or order after the expiration of the court's plenary power, via entry of a judgment nunc pro tunc. A judgment nunc pro tunc, which literally means "now for then," may not be used to correct "judicial" errors, i.e., those errors which are a product of judicial reasoning or determination. Instead, nunc pro tunc orders may be used only to correct clerical errors in which no judicial reasoning contributed to their entry, and for some reason were not entered of record at the proper time.

*State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994) (citations omitted). This reasoning is further supported by the fact that nunc pro tunc proceedings regarding a trial court's judgment and sentence may be had "at any time" but only if a new trial was not granted, the judgment was not arrested, or the defendant did not appeal. *See* Tex. R. App. P. 23.1. In other words, only if the trial court's plenary power to determine the case has expired.

Here, the trial court continued to have plenary power over its October 6 judgment at the time it entered the first and second nunc pro tunc orders. *See generally Ex parte Matthews*, 452 S.W.3d 8, 13 (Tex. App.—San Antonio 2014, no pet.) (discussing plenary power and postjudgment motions). Therefore,

10

because the trial court's two post-October 6 orders were not nunc pro tunc orders (despite being labeled as such) but were appropriate exercises of its plenary power over its judgment, the cases relied on by the State, allowing for a timely appeal under Rule 26.2(a)(1) after a nunc pro tunc order is entered far outside of the trial court's plenary power, are inapposite to the case at hand. In any event, Williams's motions for new trial and motion in arrest of judgment operated to extend the time within which Williams was to file his notice of appeal based on the plain language of Rule 26.2(a)(2). Because Williams invoked this court's jurisdiction over this appeal based on his timely notice of appeal, we turn to the merits of his appellate complaints. *Cf. Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010) (recognizing merits of claim may be addressed only if appellate court has jurisdiction over appeal).

## III. REGISTRATION REQUIREMENT

Williams asserts that the trial court erred by including the sex-offender-registration requirement in the judgment because it was more than a clerical change and because it was added without notice and an opportunity to be heard. Williams does not argue that the offense he was convicted of was not subject to sex-offender registration. It was. *See* Tex. Code Crim. Proc. Ann. art. 62.001(5)(E), (G) (West 2018). The registration requirement and A.H's age at the time of the offense were statutorily required to be included in the trial court's judgment. *See id.* arts. 42.01, § 1.27, 42.015(a) (West 2018). As such, their addition in the first nunc pro tunc order was a clerical act, not a judicial one,

11

appropriate even for a nunc pro tunc order. *See Dewalt*, 417 S.W.3d at 690 (dicta); *cf. Ex parte Poe*, 751 S.W.2d 873, 876–77 (Tex. Crim. App. 1988) (concluding absence of jury's deadly-weapon finding in judgment was clerical error remediable by judgment nunc pro tunc). But even if the first nunc pro tunc order effected more than a clerical change, the trial court had the power to do so. As we recognized in our jurisdictional discussion, the first and second nunc pro tunc orders were entered within the trial court's plenary power when the trial court had the authority to address even judicial errors. The trial court did not err, and we overrule Williams's first issue.

Regarding Williams's second issue raising the lack of notice and a hearing, we agree with the State that any presumed error arising from these failures was harmless and must be disregarded because the inclusion of the registration requirement was mandatory and nondiscretionary. *See* Tex. R. App. P. 44.2(b); *cf. Guthrie-Nail v. State*, 506 S.W.3d 1, 2, 7 (Tex. Crim. App. 2015) (recognizing defendant entitled to notice and a hearing before adverse nunc pro tunc judgment entered but concluding remand appropriate only if correction depends on resolution of issue of fact). We overrule issue two.

## IV. CONCLUSION

We conclude that Williams's motions for new trial and motion in arrest of judgment, which were timely filed after the trial court imposed sentence in open court, extended the deadline by which Williams was required to file his notice of appeal. Williams's notice of appeal, filed less than ninety days after sentence

12

was imposed, invoked this court's jurisdiction over the trial court's actions taken within its plenary power. But the first nunc pro tunc order was either an appropriate exercise of the trial court's plenary power over its judgment or effected a mere clerical change in the October 6 judgment. Therefore, the lack of notice and a hearing must be disregarded because such would have been a "useless task." *Horman v. Hughes*, 708 S.W.2d 449, 454–55 (Tex. Crim. App. 1986) (orig. proceeding). We overrule Williams's issues and affirm the trial court's judgment, including the attached nunc pro tunc orders. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: SUDDERTH, C.J.; GABRIEL and PITTMAN, JJ.

PITTMAN, J., filed concurring and dissenting opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 19, 2018