In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00456-CR**
**NO. 09-18-00457-CR**
**NO. 09-18-00458-CR**

_____

**JULIUS JERMAINE JORDAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 128th District Court**
**Orange County, Texas**
**Trial Cause Nos. A170058-R, A170061-R, and A170064-R**

**MEMORANDUM OPINION**

On November 1, 2018, the trial court signed orders nunc pro tunc granting credit for jail time in trial court case numbers A170058-R, A170061-R, and A170064-R. Notice of appeal was due to be filed by December 3, 2018. *See* Tex. R. App. P. 26.2(a)(1). On December 6, 2018, the trial court clerk received and filed a notice of appeal dated December 4, 2018. On December 10, 2018, we notified Jordan

1

that an extension of time was required because the notice of appeal was filed late but within fifteen days of the date it was due. *See generally* Tex. R. App. P. 26.3; *see also* Tex. R. App. P. 4.1(a). Jordan filed a motion for extension of time for trial court case number A170061-R with the trial court clerk on December 21, 2018. The motion was dated December 17, 2018, but was not addressed to the proper court. *See* Tex. R. App. P. 9.2(b). No motion for extension of time was filed with the Court of Appeals within fifteen days of the last day for perfecting the appeals. *See* Tex. R. App. P. 26.3.

On January 8, 2019, we notified the parties that the appeals would be dismissed for lack of jurisdiction. Jordan filed a response in which he argued that he perfected his appeal timely because he submitted the notice of appeal to the prison mail room officials within thirty days of the date that he received notice that the trial court had signed orders nunc pro tunc. However, the time for perfecting an appeal runs from the date the order is signed, not the date the defendant learns the order has been signed. *See Davis v. State*, 502 S.W.3d 803, 803 (Tex. Crim. App. 2016); *Rodarte v. State*, 860 S.W.2d 108, 109–10 (Tex. Crim. App. 1993). We lack the authority to suspend the rules with regard to the time for perfecting an appeal. *See Slaton v. State*, 981 S.W.2d 208, 210(Tex. Crim. App. 1998). Accordingly, we dismiss the appeals for lack of jurisdiction.

APPEALS DISMISSED.

_____
CHARLES KREGER
Justice

Submitted on February 5, 2019
Opinion Delivered February 6, 2019
Do Not Publish

Before McKeithen, C.J., Kreger, and Johnson, JJ.