# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00170-CR

---

### In re Jeffery Allen Whitfield

---

### FROM THE 264TH DISTRICT COURT OF BELL COUNTY
### NO. 63048, THE HONORABLE JOHN GAUNTT, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Jefferey Allen Whitfield, appearing pro se, seeks to appeal the trial court's denial of his post-conviction motion for DNA testing. *See* Tex. Code Crim. Proc. arts. 64.01-.05. This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *See Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012) ("Timely filing of a written notice of appeal is a jurisdictional prerequisite."). Under the Texas Rules of Appellate Procedure, a criminal defendant must file his notice of appeal within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order—or within ninety days, if he timely files a motion for new trial. Tex. R. App. P. 26.2(a)(1)-(2); see Tex. Code Crim. Proc. art. 64.05 ("An appeal under [Chapter 64] is to a court of appeals in the same manner as an appeal of any other criminal matter . . . .").

In this case, the trial court signed the appealable order denying Whitfield's motion for DNA testing on February 2, 2021. Because no motion for new trial was filed, the deadline for Whitfield to file his notice of appeal was March 4, 2021. Whitfield filed his notice of appeal on April 5, 2021. Because Whitfield did not timely file his notice of appeal, we lack jurisdiction

to address the merits of this appeal.[1]  *See Davis v State*, 502 S.W.3d 803, 803 (Tex. Crim. App. 2016) (per curiam order) (explaining appellant's recourse for untimely notice of appeal from denial of motion for DNA testing is to file another motion for DNA testing).  Accordingly, we dismiss this appeal for want of jurisdiction.

_____
Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Dismissed for Want of Jurisdiction

Filed:  November 10, 2021

Do Not Publish

_____

[1]Rule 4.6 of the Rules of Appellate Procedure, which became effective November 1, 2018, provides a procedural mechanism for extending the appellate deadline for filing a notice of appeal from an adverse ruling on a motion for post-conviction DNA testing when neither the adversely affected defendant nor his attorney received notice or acquired actual knowledge of the appealable order within twenty days of its signing.  Tex. R. App. P. 4.6.  To invoke this mechanism, the defendant must file, within 120 days after the signing of the appealable order, a written, sworn motion for additional time to file a notice of appeal, stating (1) his desire to appeal, and (2) the earliest date he or his attorney received notice or acquired actual knowledge that the trial judge signed the order.  The term "sworn" in Rule 4.6 includes the use of an unsworn declaration made under penalty of perjury.  *Id.* (comment to 2018 change to add Rule 4.6; citing Tex. Civ. Prac. & Rem. Code § 132.001).

In this case, Whitfield's pro se notice of appeal states that he wishes to appeal the trial court's denial of his motion for DNA testing and that due to delays in the prison mailroom, he did not receive notice that the trial court had signed an order until March 23, 2021, after the deadline to file his notice of appeal.  In addition, the notice's certificate of service states that "all is true and correct."  Whitfield's notice of appeal does not, however, include the phrase "under penalty of perjury."  *See Bahm v. State*, 219 S.W.3d 391, 394 (Tex. 2007) (explaining that "the only phrase that the Legislature actually mandates should be included in such declarations [under Section 132.001] is 'under penalty of perjury'").  As such, to the extent the trial court could have otherwise construed Whitfield's notice of appeal as a motion for additional time, it is not "sworn," as required by Rule 4.6.  *See* Tex. Civ. Prac. & Rem. Code § 132.001(c), (e) (form for unsworn declaration by inmate).

2