# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-25-00278-CR

---

**Ardell Nelson, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 331ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-88-091413, THE HONORABLE BOB PERKINS, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Appellant Ardell Nelson, Jr., who was convicted in 1988 of the offense of aggravated sexual assault of a child and is proceeding pro se, has filed what he labels a "first motion for notice of appeal and motion for extension of time to file a (PDR) to reconsideration for petitioner for discretionary review and hearing [sic]." This document appears to be an attempt by Nelson to appeal either the district court's February 20, 2025 order denying Nelson's latest motion for forensic DNA testing, which is the only order in the record before us, or a March 19, 2025 decision by the Court of Criminal Appeals related to Nelson's latest Article 11.07 application for writ of habeas corpus.[1] *See* Tex. Code Crim. Proc. art. 11.07.

To the extent that Nelson is attempting to appeal the denial of his latest motion for DNA testing, this Court's appellate jurisdiction in a criminal case is invoked by a timely filed

---

[1] In his notice of appeal, Nelson states without elaboration that "petitioner was denied by courts of appeals on 03/19/2025." This appears to be a reference to a decision by the Court of Criminal Appeals on that date dismissing Nelson's motion to reconsider that court's denial of Nelson's post-conviction application for writ of habeas corpus. *See In re Nelson*, No. WR-21,463-11 (Tex. Crim. App. Mar. 19, 2025) (decision without written order).

notice of appeal.  *See Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012) ("Timely filing of a written notice of appeal is a jurisdictional prerequisite.").  Under the Texas Rules of Appellate Procedure, a criminal defendant must file his notice of appeal within thirty days after the day the trial court enters an appealable order—or within ninety days, if he timely files a motion for new trial.  Tex. R. App. P. 26.2(a)(1)-(2); *see* Tex. Code Crim. Proc. art. 64.05 ("An appeal under [Chapter 64] is to a court of appeals in the same manner as an appeal of any other criminal matter . . . .").

In this case, the district court signed its order denying Nelson's motion for DNA testing on February 20, 2025, and Nelson did not file a motion for new trial.  Thus, Nelson's notice of appeal was due on or before March 24, 2025.  *See* Tex. R. App. P. 4.1(a).  Nelson filed his notice of appeal on April 22, 2025, beyond the thirty-day deadline.[2]  Because Nelson did not timely file his notice of appeal, we must dismiss the appeal.  *See Davis v State*, 502 S.W.3d 803, 803 (Tex. Crim. App. 2016).  Accordingly, we dismiss the appeal for want of jurisdiction.[3]

_____

Gisela D. Triana, Justice

---

[2]  The rules of appellate procedure provide an appellant additional time to file a notice of appeal from an order denying DNA testing if, within twenty days after the order was signed, the appellant did not receive notice or acquire actual knowledge that the trial judge signed the order. *See* Tex. R. App. P. 4.6(a).  However, to invoke that rule, the appellant must, among other requirements, file with the trial court a motion stating the earliest date when he received notice or acquired actual knowledge that the trial judge signed the order.  *See* Tex. R. App. P. 4.6(b). Nelson has not done so here.

[3]  To the extent that Nelson is attempting to appeal any action taken by the Court of Criminal Appeals or to file a motion for extension of time to file a petition for discretionary review in that Court, this Court does not have jurisdiction over the Court of Criminal Appeals. *See Ex parte Taylor*, No. 03-16-00461-CR, 2016 WL 6407301, at *1 (Tex. App.—Austin Oct. 28, 2016, no pet.) (mem. op., not designated for publication).

Before Justices Triana, Kelly, and Theofanis

Dismissed for Want of Jurisdiction

Filed:   July 18, 2025

Do Not Publish