*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

# MEMORANDUM OPINION

No. 04-08-00365-CR

Benrick **PENA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2003-CR-2547
Honorable Catherine Torres-Stahl, Judge Presiding

Opinion by: Sandee Bryan Marion, Justice

Sitting: Karen Angelini, Justice
Sandee Bryan Marion, Justice
Rebecca Simmons, Justice

Delivered and Filed: December 3, 2008

AFFIRMED

This is an appeal from the trial court's judgment nunc pro tunc in which the court added a deadly weapon finding. On appeal, defendant, Benrick Pena, asserts the trial court abused its discretion when it signed the judgment nunc pro tunc without affording him an opportunity to be heard and to have counsel present.

The purpose of a nunc pro tunc order is to ensure that court records correctly reflect a judgment actually rendered by the trial court. *See Jones v. State*, 795 S.W.2d 199, 202 (Tex. Crim. App. 1990). Before any unfavorable nunc pro tunc orders are entered, the person convicted should be given an opportunity to be present for the hearing and represented by counsel, in order to accord him due process of law. *Shaw v. State*, 539 S.W.2d 887, 890 (Tex. Crim. App. 1976). However, if the trial court failed to hold such a hearing but otherwise properly changed the order, remanding for a hearing would be a "useless task." *Homan v. Hughes*, 708 S.W.2d 449, 454-55 (Tex. Crim. App. 1986).

There are three instances in which an affirmative finding of use of a deadly weapon may properly be made: (1) the indictment specifically alleges the words "deadly weapon" in describing the weapon used and the verdict reads guilty "as charged in the indictment"; (2) the indictment names a weapon that is per se a deadly weapon and the verdict reads guilty "as charged in the indictment"; or (3) a special issue is submitted during the punishment phase of trial to the trier of fact and answered affirmatively. *See DeAnda v. State*, 769 S.W.2d 522, 523 (Tex. Crim. App. 1989).

Here, the first and second instances apply. The indictment used the phrase "deadly weapon" and the jury's verdict read "guilty of aggravated assault upon a public servant as charged in the indictment." Also, the weapon was stated as being a "firearm," which is a deadly weapon per se. See TEX. PENAL CODE ANN. § 1.07(a)(17)(A) (Vernon Supp. 2007). Therefore, an affirmative finding of use of a deadly weapon was proper. The Texas Code of Criminal Procedure requires that any affirmative finding be made part of the written judgment of the court. TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(21) (Vernon 2006). The Code of Criminal Procedure also provides: "On an affirmative finding that the deadly weapon was a firearm, the court *shall* enter that finding in its judgment." *Id.* art. 42.12, § 3g(a)(2) (Vernon Supp. 2008) (emphasis added). Thus, once an

affirmative deadly weapon finding is made, the trial court has no discretion but to reflect this finding in the judgment. *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988); *Asberry v. State,* 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). The failure to do so is not an error of judicial reasoning, but "rather an error of a clerical nature." *Poe*, 751 S.W.2d at 876. A nunc pro tunc may correct clerical errors in a judgment. *Id.* Therefore, the trial court here properly amended the judgment to include the jury's finding of the use of a deadly weapon.

The trial court should have afforded defendant a hearing before signing the unfavorable judgment nunc pro tunc. However, because the trial court did not err in correcting the original judgment, we conclude that a reversal and remand would be a "useless task." Accordingly, we overrule defendant's issue on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice

DO NOT PUBLISH