# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00222-CR

**Remberto Santos-Hernandez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
### NO. D-1-DC-12-300722, THE HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Remberto Santos-Hernandez was convicted by a jury of first-degree burglary of a habitation.[1] *See* Tex. Penal Code § 30.02(a)(3), (d). The jury assessed his punishment at confinement in the Texas Department of Criminal Justice for 60 years. *See id.* § 12.32.

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75 (1988).

---

[1] Specifically, appellant was convicted of entering a habitation, without the effective consent of the owner thereof, and committing or attempting to commit felony sexual assault.

Appellant's counsel sent appellant a copy of the brief along with a letter advising appellant of his right to examine the appellate record and file a pro se brief. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766. Appellant requested one extension of time to file his pro se response, which this Court granted, making his response due October 14, 2013. To date, no pro se brief or other written response has been filed, nor have we received any further communications or requests for extension from appellant.

We have conducted an independent review of the record and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We agree with counsel that the record presents no arguably meritorious grounds for review and that the appeal is frivolous. Counsel's motion to withdraw is granted.

We note, however, that the judgment of conviction in this case contains clerical errors. First, the hyphen has been omitted from appellant's surname. Second, the judgment reflects that it was entered on February 25, 2013 when the record demonstrates it was entered on February 28, 2013. Third, although the judgment states that the sex offender registration requirements of Chapter 62 of the Texas Code of Criminal Procedure apply to appellant, it reflects that the age of the victim at the time of the offense was "not applicable." When a defendant is convicted of an offense for which registration as a sex offender is required under Chapter 62, the judgment must contain a statement that the registration requirement of that chapter applies to the defendant *and* a statement of the age of the victim of the offense. *See* Tex. Code Crim. Proc. art. 42.01, § 1(27). Here, the record demonstrates that appellant was convicted of an offense that requires registration under Chapter 62. *See id.* arts. 62.001(5)(D), .051(a). Thus, the judgment was

required to reflect appellant's duty to register as a sex offender as well as the victim's age at the time of the offense. The trial court had no discretion but to enter the requisite information in the judgment of conviction, and the failure to do so was a clerical error. *See, e.g.*, *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988) (trial court had no discretion but to reflect affirmative deadly weapon finding in judgment as mandated by article 42.12, § 3f(a)(2) of Texas Code of Criminal Procedure; failure to do so was error of clerical nature).

This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 46.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Since the necessary information is available here, we modify the judgment of conviction to correctly spell appellant's name as "Remberto Santos-Hernandez," to reflect that the "Date Judgment Entered" was February 28, 2013, and to reflect that the age of the victim at the time of the offense was 40 years.

As modified, the judgment of conviction is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Field

Modified and, as Modified, Affirmed

Filed: February 21, 2014

Do Not Publish