# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-13-00706-CR
NO. 03-13-00707-CR

Bruce Vincent Felder, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
NOS. CR-12-0739 & CR-12-740,
THE HONORABLE WILLIAM R. HENRY, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

PER CURIAM

Appellant Bruce Vincent Felder appeals his convictions for criminal trespass of a habitation and family-violence assault.[1]  *See* Tex. Penal Code §§ 30.05, 22.01.  Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal in each of these cases is frivolous and without merit.  *See Anders v. California*, 386 U.S. 738, 744 (1967).  In his brief, counsel notes that the judgments of conviction in these cases contain non-reversible error.  Both judgments state that appellant's plea to the offense was "guilty" when in

---

[1]  Appellant was charged in two indictments with the felony offenses of burglary of a habitation with intent to commit assault and family-violence assault by strangulation. *See* Tex. Penal Code §§ 30.02(a)(1), 22.01(a), (b)(2)(B).  However, a jury found appellant guilty of the lesser-included misdemeanor offenses of criminal trespass of a habitation and family-violence assault.

fact, as the record clearly demonstrates, appellant pleaded "not guilty" to both offenses and submitted the issue of his guilt to a jury.

Upon further review of the judgments of conviction, we note additional errors in both judgments resulting from the fact that the wrong form—a standardized felony judgment form—was used in these cases.[2] *See* Tex. Code Crim. Proc. art. 42.01, § 4 (court entering felony judgment shall use standardized felony judgment form promulgated by Office of Court Administration of Texas Judicial System). We observe that the lesser-included offenses appellant was convicted of are misdemeanor offenses, which do not require the use of a standardized judgment form at all. Nothing prohibits the trial court from using a standardized form for a misdemeanor judgment of conviction, but if the court opts to do so, the correct form should be used.

---

[2] The form for "Judgment of Conviction by Court" was incorrectly used rather than the form for "Judgment of Conviction by Jury." Consequently, the judgments contain incorrect information or information that is not applicable in these cases. For example, both judgments are entitled *Judgment of Conviction by Court — Waiver of Jury Trial* and the judgments contain a paragraph reciting the acceptance of a plea which includes the assertion that appellant waived the right to a jury trial. Although the trial court (rather than the jury) assessed appellant's punishment, appellant did not waive his right to a jury and appellant was in fact convicted by a jury. Also, both judgments contain a section for the "Terms of Plea Bargain" which indicate to "See State's Exhibit Number 1." However, these were not plea-bargain cases. (We also note that State's Exhibit 1 in the record is a recording of a 911 call, not an exhibit containing terms of a plea-bargain agreement.)

Further, because the wrong standardized felony judgment form was used, the judgments omit certain required information. *See* Tex. Code Crim. Proc. art. 42.01, § 1 (setting forth requisite contents of judgments). For example, both judgments fail to reflect the submission of evidence, *see id.* art. 42.01, § 1(5), that the jury was charged by the court, *see id.* art. 42.01, § 1(6), the verdict of the jury, *see id.* art. 42.01, § 1(7), or that the punishment was assessed by the court, *see id.* art. 42.01, § 1(8). In addition, the judgment for family-violence assault omits the mandated affirmative finding of family violence. *See* Tex. Code Crim. Proc. art. 42.01, § 5; *see, e.g.*, *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988) (trial court had no discretion but to reflect affirmative deadly weapon finding in judgment as mandated by article 42.12, § 3f(a)(2) of Texas Code of Criminal Procedure; failure to do so was error of clerical nature).

The Rules of Appellate Procedure require that we not affirm or reverse a judgment if the trial court's erroneous action or failure to act can be corrected by the trial court. *See* Tex. R. App. P. 44.4. Accordingly, we abate these appeals and direct the trial court to enter a corrected judgment of conviction in each of these cases that contains all the statutorily mandated information.[3] A supplemental clerk's record containing the corrected judgments of conviction shall be filed with this Court no later than July 28, 2014.

It is so ordered on this the 18th day of July, 2014.

Before Chief Justice Jones, Justices Rose and Goodwin

Abated and Remanded

Filed: July 18, 2014

---

[3] As appellant's convictions are for misdemeanor offenses, we do not require the trial court to use the standardized felony judgment form. However, we note that utilizing the correct standardized form ("Judgment of Conviction by Jury") would result in a judgment of conviction that contains all the requisite statutory information.

3