**Affirmed and Memorandum Opinion filed November 13, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00747-CV

---

### JOSHUA NATHANIEL JACKSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1228634**

---

## M E M O R A N D U M    O P I N I O N

This is an appeal from an order denying appellant Joshua Nathaniel Jackson's petition for nondisclosure of his criminal history record. We affirm.

Appellant was charged with aggravated assault of a family member. Pursuant to a plea agreement, he was placed on deferred adjudication community supervision for the offense of deadly conduct for one year. Appellant fulfilled the conditions of his

probation and his community supervision was terminated and he was discharged on July 1, 2011.

On July 12, 2013, appellant filed a petition for nondisclosure order under Texas Government Code section 411.081(d)(1). Tex. Gov't Code § 411.081(d)(1) (West Supp. 2014). The trial court denied the petition and entered a judgment nunc pro tunc ordering the judgment be corrected to reflect an affirmative finding of family violence. Pursuant to section 411.081(e)(4), a person is not entitled to petition the court for a nondisclosure order if the person was placed on deferred adjudication community supervision for any offense involving family violence. Tex. Gov't Code § 411.081(e)(4) (West Supp. 2014).

In his first issue, appellant claims the trial court erred in entering the judgment nunc pro tunc and requests we reverse that order. The State contends the trial court's judgment nunc pro tunc is immaterial to the resolution of appellant's petition for nondisclosure. As outlined below, we agree. Even if the judgment nunc pro tunc were necessary to the petition, however, we conclude the trial court's entry of that order was not error.

A judgment nunc pro tunc is appropriate to correct clerical errors when the court's records do not mirror the judgment actually rendered. *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007). It is not appropriate to correct judicial errors or omissions. *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988) (en banc). "The trial court cannot, through a judgment nunc pro tunc, change a court's records to reflect what it believes should have been done." *Collins*, 240 S.W.3d at 928. The issue is therefore whether the changes made by the trial court resulted from judicial reasoning or were simply corrections of clerical errors. Such a determination is a matter of law. *See Poe*, 751 S.W.2d at 876.

The original Order of Deferred Adjudication stated the offense as "DEADLY CONDUCT" and does not include an affirmative finding of family violence. However,

the record reflects the charge of "AGGRAVATED ASSAULT – Family Member" was "reduced to deadly conduct of a family member" by the plea agreement. The plea agreement signed by appellant provides for an "affirmative finding family violence." Since the record shows appellant agreed to enter a plea of guilty to deadly conduct involving family violence, the error in the instant case was clearly a clerical one. *Cf. Ex parte Dopps*, 723 S.W.2d 669, 670 (Tex. Crim. App. 1986) (where there was no evidence that the parties to applicant's plea bargain agreement contemplated an affirmative finding of a deadly weapon, the error was not clerical). In entering the nunc pro tunc judgment, the trial court did nothing more than to correct the record so as to show the offense to which appellant pled guilty. The trial court, therefore, was fully within its power to enter the judgment nunc pro tunc. Appellant's first issue is overruled.

Appellant's second issue claims the trial court abused its discretion in denying the petition for nondisclosure. Regardless of whether the order of deferred adjudication contained an affirmative finding on family violence, the record reflects appellant was placed on deferred adjudication community supervision for an offense involving family violence. Therefore, appellant was not eligible to petition for an order of nondisclosure. *See* Tex, Gov't Code § 411.081(e)(4). Accordingly, the trial court did not abuse its discretion in denying the petition. We overrule appellant's second issue and affirm the trial court's judgment.


/s/    Sharon McCally
Justice


Panel consists of Justices McCally, Donovan and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).