

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-19-00128-CR

---

JIMMY WAYNE CARR, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 27810

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

After David Bell, Ph.D., testified that Jimmy Wayne Carr was competent to stand trial, the trial court found Carr guilty of assault on a public servant and sentenced him to eight years' confinement.[1]  This case was tried with eleven companion cases, which are the subject of other appeals pending before this Court.  In this appeal, Carr contends (1) that, since Bell's qualifications do not appear in his report, there was insufficient evidence to find him competent to stand trial and (2) that the judgment should be modified to reflect a conviction under Section 43.26(d) of the Texas Penal Code.

The argument raised in Carr's first issue is based exclusively on the argument brought before this Court in the companion appeal styled *Carr v. State*, cause number 06-19-00126-CR. In our opinion of this date disposing of that appeal, we found that Carr did not preserve that issue for appeal.  For the reasons set out in that opinion, we overrule Carr's first issue as it applies to this appeal.

In his second issue, Carr asserts that the judgment of conviction should be modified to reflect a conviction under Section 43.26(d) of the Texas Penal Code.  The original judgment of conviction recites that the statute for Carr's conviction offense was Section 43.26(a) of the Texas Penal Code.  Carr argues that this was error and that the proper statute was Section 43.26(d) of the Texas Penal Code.

After Carr filed his brief in this Court, the trial court entered a Nunc Pro Tunc Judgment of Conviction that recited that the statute for offense was Section 43.26(d) of the Texas Penal

---

[1]*See* TEX. PENAL CODE ANN. § 22.01(b)(1) (Supp.).

Code. Clerical errors in a judgment may be corrected by a nunc pro tunc judgment. *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988). Errors that do not result from judicial reasoning or determination are clerical errors. *Id.*

We may not decide moot controversies. *See Ex parte Flores*, 130 S.W.3d 100, 104–05 (Tex. App.—El Paso 2003, pet. ref'd). "A case becomes moot on appeal when the judgment of the appellate court can no longer have an effect on an existing controversy or cannot affect the rights of the parties." *Jack v. State*, 149 S.W.3d 119, 123 n.10 (Tex. Crim. App. 2004) (per curiam) (citing *VE Corp. v. Ernst & Young*, 860 S.W.2d 83, 84 (Tex. 1993) (per curiam)).

The trial court's nunc pro tunc judgment provides Carr with all the relief he has requested in this issue. Thus, any judgment of this Court can have no effect on the rights of the parties. Consequently, this issue is moot. We overrule Carr's second issue.

For the reasons stated, we affirm the judgment of the trial court.


Josh R. Morriss, III
Chief Justice

Date Submitted:     December 30, 2019
Date Decided:       January 9, 2020

Do Not Publish

3