

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00151-CR

_____

JOSE HECTOR PONCE A/K/A JOSE H. PONCE, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1554835D

---

Before Womack and Wallach, JJ.; and Lee Ann Dauphinot (Senior Justice, Retired,
Sitting by Assignment).
Memorandum Opinion by Justice Dauphinot

**MEMORANDUM OPINION**

A jury convicted Appellant Jose Hector Ponce of possession of a firearm by a felon within five years of his release from confinement, a third-degree felony.[1] The trial court subsequently sentenced Appellant to five years' confinement.

Appellant brings two points on appeal, arguing (1) that the trial court failed to grant his motion for directed verdict because the evidence was insufficient to establish the elements of the offense and (2) that the evidence presented at trial was insufficient to support his conviction.

Because the evidence was sufficient to support Appellant's conviction and because the trial court committed no reversible error, we overrule Appellant's two points. Because the trial court's judgment contains a clerical error, we will modify the judgment and affirm it as modified.

Brief Facts

In October 2017, Fort Worth Police Officer Carl Moore was dispatched in response to a 911 hang up call from a distraught woman. When he arrived at the address he had been given, he was greeted by Appellant who told him his three-year-old son had been shot in the hand. Appellant directed Officer Moore to a handgun that was

---

[1]Tex. Penal Code Ann. § 46.04(a).

inside a grocery bag on top of his refrigerator. The gun was a silver, semi-automatic 9 mm Smith & Wesson model SD9VE firearm that was missing its magazine.

Appellant told Officer Moore he had found the gun in the shed in the backyard four or five days earlier, placed it on top of the refrigerator temporarily, then finally had hidden it in the cushions of the living room couch. He said that he had left the pistol either on the couch or in between the cushions of the couch, gone outside, heard a gunshot, then came inside and found that his son had been shot in the hand. His son was bleeding, so he wrapped the boy's hand in a towel and told his son's mother that she had to take him to the hospital because they did not have time to wait for an ambulance.

Police Officer Logan Bidding was on his first day of field training, under the supervision of Field Training Officer James Reynolds. They were dispatched to Cook Children's Hospital where they met with the medical personnel who were treating Appellant's son. The officers also spoke to the boy's mother. She told them she had been in the kitchen and her son had been in the living room when her son shot himself with her husband's gun. They also spoke to the boy and observed the wound in his hand.

Officers Bidding and Reynolds went from the hospital to the house where the shooting had taken place. When they arrived, they met with Officer Moore and his partner, then spoke to Appellant, who was worried about his son and cooperative with their investigation.

3

Appellant took Officer Bidding outside to the shed and showed him the high shelf where he had found the firearm. He told Officer Bidding he had also found a live round. Inside the house, the officers found the spent casing for the fired round behind the television in the living room. They also found the live round in a trash can.

Sufficiency of the Evidence and Denial of Motion for Directed Verdict

In two points, Appellant argues that the evidence was insufficient to support his conviction and that the trial court erred by denying his motion for directed verdict because the evidence was insufficient to allow the case to be submitted to the jury. He contends that because he was not the sole occupant of the house where the gun was found, there is an insufficient nexus between himself and the firearm to establish that he exercised control, management, or care over it. He also argues that because he brought the gun into the house four or five days before his son was shot, he could have forgotten about the gun, defeating the culpable mental state of intentional and knowing.

In our evidentiary-sufficiency review, we view all the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the crime's essential elements beyond a reasonable doubt.[2] And the State correctly argues that because a motion for directed verdict is a challenge to the sufficiency of the evidence, appellate review of the denial of the motion is governed by the standard

---

[2]*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017).

4

applicable to claims of evidentiary sufficiency.[3] It should be considered as neither more nor less than "as an attack on the sufficiency of the evidence."[4] Appellate courts reviewing such a claim must, of necessity, review the sufficiency of the evidence, because "[i]f the evidence is sufficient to sustain the conviction, then the trial judge did not err in overruling [A]ppellant's motion."[5]

A person commits the crime of possession of a firearm by a felon if that person has been convicted of a felony and "possesses a firearm . . . after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony."[6] Possession "means actual care, custody, control, or management."[7] Possession includes actual physical custody of the contraband, joint possession, and constructive possession, established by proof of control or management of the contraband.[8]

---

[3]*Madden v. State*, 799 S.W.2d 683, 686 (Tex. Crim. App. 1990).

[4]*Garcia v. State*, 827 S.W.2d 25, 26 (Tex. App.—Corpus Christi–Edinburg 1992, no pet.).

[5]*Madden*, 799 S.W.2d at 686.

[6]Tex. Penal Code Ann. § 46.04(a)(1).

[7]Tex. Penal Code Ann. § 1.07(39).

[8]*See Poindexter v. State*, 153 S.W.3d 402, 412 (Tex. Crim. App. 2005), *abrogated on other grounds by Robinson v. State*, 466 S.W.3d 166, 173 & n.32 (Tex. Crim. App. 2015).

Here, Appellant concedes he was convicted of a felony offense within five years of the discovery of the firearm in his house. Appellant told the officers that he had found the pistol and had brought the pistol into the house. He explained to the officers that he decided to keep it on top of the refrigerator, but then he decided to move it to the couch. He said that on the day of the shooting, he had left the pistol either on the couch or in between the cushions of the couch. He went outside, heard a gunshot, came inside, and saw that his son had been shot in the hand. The statements to the officers were statements of Appellant's intentional and knowing exercise of control over the firearm.

Applying the appropriate standard of review, we hold that the evidence is sufficient to establish that Appellant intentionally and knowingly possessed a firearm within five years of his having been convicted of a felony. We overrule Appellant's two points.

We Correct a Clerical Error in the Trial Court's Judgment

The judgment incorrectly states that the jury assessed punishment. In actuality, the trial judge assessed punishment. Thus, the judgment contains a clerical error that can be corrected.[9] We modify the judgment to reflect that the trial judge, not the jury,

---

[9] *See Nicholas v. State*, 56 S.W.3d 760, 767 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) ("It is well-established that an appellate court may reform a judgment to correct a clerical error in the trial court's judgment."); *see also Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988) ("A clerical error is one which does not result from judicial reasoning or determination.").

assessed Appellant's punishment.[10]

We affirm the trial court's judgment as modified.

/s/ Lee Ann Dauphinot
Lee Ann Dauphinot
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  October 8, 2020

---

[10]*See Baker v. State*, No. 02-19-00292-CR, 2020 WL 2202324, at *8 (Tex. App.—Fort Worth May 7, 2020, pet. ref'd) (mem. op., not designated for publication) (modifying judgment, on court's own initiative, to reflect that punishment was assessed by the trial court rather than the jury); *Martin v. State*, 246 S.W.3d 246, 267 (Tex. App.—Houston [14th Dist.] 2007, no pet.) ("Having determined the judgment for punishment incorrectly states that a jury assessed punishment, we modify the judgment to properly reflect that the judge assessed appellant's punishment.").