**Affirm and Opinion Filed May 20, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

### No. 05-20-00010-CR

**QUANTARA LANEESE MELTON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F18-76488-P**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Nowell
Opinion by Justice Pedersen, III

A jury found appellant Quantara Lanese Melton guilty of murder and assessed her punishment at fifty-two years' confinement and a $5,000 fine. In a single issue, appellant argues that the trial court improperly instructed the jury regarding parole eligibility in the punishment charge. In a cross-issue, the State asks us to modify the judgment in this case to correct a number of clerical errors. As modified, we affirm the trial court's judgment.

## Background

Appellant was charged with murder. Her indictment alleged that the complainant died after she pushed him into oncoming traffic, causing him to be struck by—and run over by—a motor vehicle. The jury found her guilty.

Before closing arguments were made in the punishment phase of her trial, the trial court held a charge conference on the record. After reviewing the court's proposed charge, counsel for appellant objected to the series of instructions concerning parole, stating that having language about parole in the charge would "give [jurors] reason to talk about it because it's in there, even though they say they're not supposed to talk about it." Counsel then went through the entire parole set of instructions, paragraph by paragraph, objecting that including these instructions allowed jurors to take "good time" into consideration in determining their sentence and allowed them to consider that the length of time appellant might be imprisoned could be reduced by an award of parole. Counsel concluded the objection stating: "So all of this stuff pertaining to parole, since they're instructed not to consider parole, we ask that, that be taken out."

The trial court agreed to remove two sections of the parole-related instructions but refused to delete others. Neither attorney objected to the modified form of the instruction as it was submitted.

The jury found appellant guilty, found an enhancement paragraph true, and assessed appellant's punishment at fifty-two years' confinement and a $5,000 fine. This appeal followed.

**Parole Instructions**

In a single issue, appellant contends that the trial court improperly instructed the jury regarding parole eligibility in the punishment charge. She argues that the trial court failed to instruct the jury as mandated by article 37.07, section 4(a) of the code of criminal procedure and that she was egregiously harmed by that failure.[1]

Appellate resolution of a jury-charge issue begins with a determination of whether error exists. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). In this case, the State agrees with appellant that the parole instruction submitted by the trial court was incorrect. The legislature has mandated an instruction that must be submitted in a murder case in which punishment is to be assessed by the jury. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4(a) (requiring instruction if charged offense is "listed in Article 42A.054(a)," which imposes limitation on judge-ordered community supervision, *inter alia*, in murder case). The statute requires the court to charge the jury in writing using the specific statutory language. *Id.*; *Luquis v. State*,

---

[1] Appellant also asserts: "The jury was instructed that Melton would be eligible for parole after serving one-fourth of her sentence. That is incorrect. Melton will not be eligible for parole until she has served one-half of her sentence." We do not address this issue because appellant did not raise it below. *Delgado v. State*, 635 S.W.3d 730, 749 (Tex. App.—Dallas 2021, pet. ref'd) (objections not made at trial are not preserved for our review).

72 S.W.3d 355, 363 (Tex. Crim. App. 2002) ("Article 37.07, section 4(a) sets out, verbatim, the words that the trial judge is to use."). We agree with the parties, therefore, that the trial court erred when it modified the instruction set forth in article 37.07, section 4(a).

Ordinarily, we would proceed from that conclusion to determine whether the error caused sufficient harm to warrant reversal. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015). In this case, however, the trial court's error was invited by appellant's objection to the court's initial instruction. The court modified its parole instruction at appellant's request, and "the law of invited error estops a party from making an appellate error of an action it induced." *See Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999). This estoppel rule has been applied to improper submissions in jury charges at the punishment stage, *see id.*, and its application is appropriate in this case. We conclude that appellant may not argue on appeal that the trial court was required to give the legislatively mandated instruction when she objected to submission of any parole instruction at all and the trial court modified its instruction in an effort to address her objection. *See Druery v. State*, 225 S.W.3d 491, 506 (Tex. Crim. App. 2007) (appellant estopped from arguing trial judge had duty to give jury instruction on lesser-included offense when appellant specifically requested charge not be submitted).

Because appellant is estopped from bringing this charge-error claim on appeal, we do not address whether the erroneous charge caused her any harm. *See id.* We overrule appellant's single issue.

**Modification of the Judgment**

In its cross-issue, the State asks us to make the following modifications in the trial court's judgment: (1) to reflect the jury's de facto finding that a deadly weapon was used during the murder, (2) to reflect the correct criminal act, (3) to reflect appellant's plea of "not guilty" to the charged offense, and (4) to reflect appellant's plea of "not true" to the enhancement paragraph contained in the indictment. This court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State,* 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

*De Facto Deadly Weapon Finding*

The State asks us first to modify the trial court's judgment to add the jury's de facto finding that appellant used a deadly weapon in commission of her offense. When the jury makes an affirmative deadly weapon finding, the trial court has a mandatory duty to enter that finding in the written judgment. *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988). "The trial judge retain[s] no discretion to do otherwise." *Id.* Therefore, a trial court's failure to comply with this mandatory duty is a clerical error, which can be corrected by a nunc pro tunc judgment. *See id.*

Appellate courts have the power to reform any matter the trial court could have corrected by a nunc pro tunc judgment as long as the evidence necessary to correct the judgment appears in the record. *Asberry*, 813 S.W.2d at 529.

> A jury can make an affirmative deadly weapon finding in any of three ways:
>
> (1) by a finding of guilty "as charged in the indictment" when the indictment specifically characterizes the weapon used as "a deadly weapon"; (2) by a finding of guilty "as charged in the indictment" when the weapon named in the indictment is a deadly weapon as a matter of law; and (3) by an affirmative finding to a special issue submitted to the jury on whether the weapon used by the defendant was a deadly weapon.

*Id.* In this case, the jury found appellant guilty as charged in the indictment,[2] and the indictment characterized the motor vehicle as a deadly weapon.[3] Accordingly, we conclude that the jury made a de facto affirmative deadly weapon finding and we may modify the trial court's judgment to include that finding. *See id.*; *see also Carter v. State*, No. 05-14-00822-CR, 2016 WL 4044922, at *3 (Tex. App.—Dallas July 26, 2016, no pet.) (mem. op., not designated for publication).

---

[2] The verdict states: "We, the Jury, find the defendant, QUANTARA LANEESE MELTON, guilty of Murder as charged in the indictment."

[3] For both theories of murder, the indictment stated that appellant's act caused the complainant's injury:

> by CAUSING BLUNT FORCE TRAUMA TO THE DECEASED BY PUSHING THE DECEASED INTO ONCOMING TRAFFIC CAUSING THE DECEASED TO BE STRUCK BY AND RUN OVER BY A MOTOR VEHICLE, a deadly weapon.

We delete the portion of the trial court's judgment that states "N/A" under the heading "Findings on Deadly Weapon," and we add the words "YES, A MOTOR VEHICLE" under that heading.

*Erroneous Statements in the Judgment*

The State also points out three erroneous statements in the judgment. The judgment wrongly identifies section 19.02(a)(1) of the Penal Code as appellant's statutory offense; it should identify section 19.02(b), which sets forth the acts that constitute murder. The judgment also wrongly states that appellant pleaded "GUILTY" to the murder charge; it should state "NOT GUILTY." And finally, the judgment wrongly states that appellant pleaded "TRUE" to the enhancement paragraph, but she pleaded "NOT TRUE." We agree that each of those errors should be corrected in the judgment.

We sustain the State's cross-issue and modify the trial court's judgment accordingly.

**Conclusion**

As modified, we affirm the trial court's judgment.

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

200010f.u05
Do Not Publish
TEX. R. APP. P. 47

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

QUANTARA LANEESE MELTON,
Appellant

No. 05-20-00010-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1876488-P.
Opinion delivered by Justice
Pedersen, III. Justices Osborne and
Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We delete the portion of the trial court's judgment that states "N/A" under the heading "Findings on Deadly Weapon," and we add the words "YES, A MOTOR VEHICLE" under that heading.

We delete the portion of the judgment that states "19.02 (A)(l) Penal Code" under the heading "Statute for Offense," and we add the words "19.02(b) Penal Code" under that heading.

We delete the word "GUILTY" under the heading "Plea to Offense," and we replace it with the words "NOT GUILTY."

We delete the words "PLEADED TRUE" under the heading "1st Enhancement Paragraph," and we replace them with the words "PLEADED NOT TRUE."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 20th day of May, 2022.