

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-24-00104-CR

---

IN RE RYAN JOHNSON

---

Original Mandamus Proceeding

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

Ryan Johnson was convicted of murder in the 102nd Judicial District Court of Bowie County, Texas, in 2010. The trial court incorporated an affirmative deadly weapon finding into its 2010 judgment. In December 2023, Johnson filed a motion for judgment nunc pro tunc seeking to delete the deadly weapon finding on the ground that the jury had not expressly made such a finding. The trial court denied Johnson's motion in an order explaining that the indictment against him alleged, and the jury found, that Johnson intentionally or knowingly killed the victim by shooting him with a firearm. Even so, Johnson, a pro se relator, filed this petition for a writ of mandamus asking this Court to compel the trial court to delete the deadly weapon finding. We will deny Johnson's requested relief.

In a criminal case, "[m]andamus relief may be granted if a relator shows that: (1) the act sought to be compelled is purely ministerial, and (2) there is no adequate remedy at law." *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). An act is considered ministerial "if the relator can show . . . a *clear* right to the relief sought." *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011) (orig. proceeding) (quoting *State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding.)). A clear right to the requested relief is shown when the facts and circumstances require "but one rational decision 'under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles.'" *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding) (quoting *Bowen*, 343 S.W.3d at 810).

A firearm is a deadly weapon per se. *See* TEX. PENAL CODE ANN. § 1.07(a)(17)(A) (Supp.). Accordingly, the Texas Court of Criminal Appeals has explained that, when an indictment for murder alleges that the death of the victim was caused by a firearm, and the jury's verdict finds the defendant guilty as charged by the indictment, "the trier of fact [has] made an express determination that a deadly weapon was actually used or exhibited during the commission of the offense, thereby making a proper affirmative finding." *Ex parte Poe*, 751 S.W.2d 873, 875 (Tex. Crim. App. 1988) (orig. proceeding) (citing *Polk v. State*, 693 S.W.2d 391, 394 (Tex. Crim. App. 1985)). Here, because the jury found Johnson guilty of intentionally or knowingly causing his victim's death with a firearm, the jury necessarily made the affirmative deadly weapon finding. *See id.* at 876; *Polk v. State*, 693 S.W.2d 391, 394 (Tex. Crim. App. 1985); *see also Lafleur v. State*, 106 S.W.3d 91, 99 (Tex. Crim. App. 2003); *Ex parte Empey*, 757 S.W.2d 771, 775 (Tex. Crim. App. 1988) (orig. proceeding).

Next, the law applicable to Johnson's offense stated that, "[o]n an affirmative [deadly weapon] finding . . . , the trial court shall enter the finding in the judgment of the court. On an affirmative finding that the deadly weapon was a firearm, the court shall enter that finding in its judgment." Act of May 17, 2007, 80th Leg., R.S., ch. 405, § 1, 2007 Tex. Gen. Laws 723, 723 (repealed 2015) (formerly codified at TEX. CODE CRIM. PROC. art. 42.12, § 3g(a)(2)); *see also Ex parte Poe*, 751 S.W.2d at 875. Because the inclusion of an affirmative deadly weapon finding in the judgment was mandated by this statutory language, Johnson cannot show that he

3

has a clear right to the relief he has requested. *See Ex parte Poe*, 751 S.W.2d at 876.

Consequently, we deny Johnson's petition for a writ of mandamus.[1]

Charles van Cleef
Justice

Date Submitted:    June 7, 2024
Date Decided:    June 10, 2024

Do Not Publish

---

[1]Johnson also argues that the trial court denied him the right to be present at the hearing on his motion for a judgment nunc pro tunc. "It is the relator's burden to provide this Court with a sufficient record to establish his or her right to mandamus relief." *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (citing *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding); *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding)); *see* TEX. R. APP. P. 52.3, 52.7(a). Here, there is nothing in the mandamus record to show that the trial court held a hearing on Johnson's motion.