

# In the Court of Criminal Appeals of Texas

Nos. WR-95,800-01 & WR-95,800-02

## EX PARTE RAMIRO GUERRA,

*Applicant*

On Applications for Writs of Habeas Corpus
In Cause Nos. W-2076419-A & W-2076421-A
In the 283rd District Court
Dallas County

YEARY, J., filed a dissenting opinion in which SCHENCK, P.J., and FINLEY and PARKER, JJ., joined.

In an unpublished per curiam opinion, the Court today grants Applicant an opportunity to file an out-of-time motion for new trial because his trial counsel failed to file the required post-conviction pleading within the time to do so. The Court cites *Ex parte Crow*, 180 S.W.3d 135 (Tex. Crim. App. 2005), for the proposition that thus

depriving Applicant altogether of a new trial proceeding constituted both deficient performance and prejudice for purposes of establishing ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). Majority Opinion at *2. The Court observes: "The trial court found Applicant was deprived of an opportunity to file a motion for new trial, which the State would have agreed to and the trial court would have granted. We agree." *Id*. at *1.

Under the facts of this case, however, there was no valid legal basis that would have supported a trial court order granting a motion for new trial. For that reason, counsel's failure to file a motion for new trial cannot possibly have prejudiced Applicant. Indeed, this whole effort seems to me to be nothing more than a belated attempt by a prosecutor and a judge to undo that which the law does not allow to be undone—at least not by the method that they are trying to achieve its undoing—for the purpose of appeasing the late-expressed desire of the victims' family to reduce the punishment that had already been imposed on the defendant. I respectfully dissent.

## I. BACKGROUND

Applicant was indicted for two instances of manslaughter with a motor vehicle, and the vehicle was expressly alleged to have been a deadly weapon. Applicant's counsel has submitted an affidavit in which he directs our attention to exhibits demonstrating that data recovered from Applicant's vehicle shows that, only 1.2 seconds before the collision that caused the death of the victims in these cases, Applicant's vehicle was traveling at 122 miles per hour. Counsel also observes that the speed of Applicant's vehicle at that time was well over two times the

posted speed limit of 50 miles per hour.

On January 6, 2023, pursuant to a negotiated plea agreement,[1] Applicant pled guilty to these offenses, as alleged, and was assessed concurrent nine-year sentences. As part of the plea, he judicially confessed that he committed the offenses with a motor vehicle, and that the motor vehicle he used *was a deadly weapon.* He was therefore found in fact to have used a deadly weapon—these were, after all, homicide offenses. *See Crumpton v. State*, 301 S.W.3d 663, 665 (Tex. Crim. App. 2009) (when an indictment alleges a homicide and an applicant has been found guilty as alleged in the indictment, this is "necessarily a finding that a deadly weapon was used").

According to the trial prosecutor, after the plea was completed, both the victims' family and Applicant's family gathered in the hallway outside the courtroom and prayed together in a large circle. When the prayers had concluded, the victims' family came back to the prosecutor's workroom and told him that "they did not want [Applicant] to serve [the] time that [he] had agreed to . . . serve." They asked the prosecutor to undo the sentence "in any way that [he] could."

Wishing to appease the victims' family, the prosecutor proposed that Applicant be allowed to "think" he was being sentenced to nine years, but that he then be brought back to court in four months' time so that he could be placed on shock probation. *See* TEX. CODE CRIM. PROC. art. 42A.202 (permitting the trial court, within 180 days that execution of sentence begins, to place defendant on community supervision). The

---

[1] The trial court prosecutor submitted an affidavit in which he stated that, in exchange for Applicant's plea, the prosecutor agreed to dismiss two other charges that were then also pending against Applicant.

prosecutor then "informed" defense counsel of his plan and asked defense counsel to put a reminder on his calendar to prompt him to come back in four months to request that Applicant be put on the "jail chain" and brought back to court. The prosecutor also explained that he "asked [defense counsel] not to let [Applicant] know [about the plan] because he wanted [Applicant] to feel like he was going to get that nine years in prison[,] but that [he—the prosecutor] would [ultimately] agree to [s]hock [p]robation when the time came." Applicant's fiancé, Jennifer Medina, also testified that she "found [Applicant's counsel] in the courthouse and informed him of the shock probation conversation." But, she said, Applicant's counsel informed her at that time that "it was not possible."

Four months later, on May 5th, the prosecutor attempted to remind defense counsel of the prosecutor's shock probation plan, but he was unable to timely contact counsel. Ms. Medina similarly "reached back out to [Applicant's counsel] but [she also] could not get in contact with him." And defense counsel ultimately did not file a motion for shock probation.

The trial prosecutor now readily admits that he was mistaken about what was allowed "under law[.]" Shock probation is not an available alternative in the wake of a deadly weapon finding. TEX. CODE CRIM. PROC. art. 42A.054(b). Because the convicting court made an affirmative finding of the use of a deadly weapon at the time that Applicant pled guilty, Applicant was not eligible for shock probation.

The prosecutor now admits that he had mistakenly presumed that he "would not need to change the plea at all to make his [s]hock

[p]robation plan work out." But, he explains, "were [he] given the opportunity to agree to a new trial and strike the deadly weapon language, [he] would have done so." The prosecutor claims that, indeed, he would not have contested a motion for new trial. And the judge of the convicting court has now also weighed in and indicated that she would have granted the motion so as to permit the prosecutor's plan for shock probation to go forward.

In her recommended findings of fact and conclusions of law, the convicting court judge has now declared that "[t]rial counsel's failure to respond to the State's and Ms. Medina's attempts at contact regarding trial court relief[,] along with trial counsel's statement that he was not retained for an appeal[,] demonstrates that Applicant was deprived of counsel during the motion for new trial and appeal stages." Findings of Fact and Conclusions of Law, at 8. The judge also found that Applicant, through his counsel, "could have filed a motion for new trial based on newly discovered evidence including the newly mitigating evidence discovered from the complainants' family post sentence." *Id.* She recommends that "in the interest of justice" we grant habeas corpus relief, presumably (although the convicting court does not say explicitly) because defense counsel's deficiency forfeited Applicant's ability to pursue a motion for new trial that the convicting court now claims it would have granted.[2]

---

[2] To the extent the convicting court would thus have us grant Applicant an out-of-time motion for new trial simply "in the interest of justice," such an outcome would be inappropriate. This Court has repeatedly declared that to grant a new trial "in the interest of justice," there must be ***a valid legal claim***. *See State v. Arizmendi*, 519 S.W.3d 143, 148 (Tex. Crim. App. 2017) ("A trial court may not grant a motion for new trial simply because it believes that

## II. ANALYSIS

The Court now, based on defense counsel's failure to follow through with a motion for new trial, concludes that Applicant's counsel performed deficiently, and that Applicant was thereby deprived of a new trial procedure. Majority Opinion at *1−2 (citing *Crow*, 180 S.W.3d at 138) (holding that "deficient conduct that results in the deprivation of an entire judicial proceeding" may satisfy *Strickland*'s prejudice prong). But I strongly disagree. And I would not approve the granting an out-of-time motion for new trial on such a remarkably contrived theory.

In the first place, the record fails to establish that defense counsel's performance was constitutionally deficient. To the contrary, defense counsel seems to have been the only lawyer participating in this case who understood the actual law and its proper application to these unique facts. In his affidavit, filed on remand, defense counsel observes that "[t]here were no grounds for a Motion for New Trial." It is not at all clear to me that he is wrong about that. Certainly nothing in the record presented on habeas suggests that he is wrong. And other than for the purpose of supporting the prosecutor's proposed "plan" for shock probation—that both the prosecutor and the trial court now say they would have gone along with—Applicant identifies no legal ground to support what it seems to me would have been very likely a sham motion for new trial.

The convicting court recommends that we find that the opinion of

the defendant has received a raw deal. Granting a new trial for a 'non-legal or legally invalid reason is an abuse of discretion.'") (quoting *State v. Herndon*, 215 S.W.3d 901, 907 (Tex. Crim. App. 2007)).

the victim's family with respect to the appropriate punishment to assess within the statutory range (including whether to grant probation) constituted "newly mitigating evidence." *See* TEX. CODE CRIM. PROC. art. 40.001 ("A new trial shall be granted an accused where material evidence favorable to the accused has been discovered since trial."). The relevance of the opinion of the victims' family members with respect to appropriate punishment within the applicable range, under Article 37.07, Section 3(a)(1), is dubious at best. TEX. CODE CRIM. PROC. art. 37.07 § 3(a)(1).[3] This Court has apparently never squarely addressed the question, and at the very best, "[t]he law in this area is unclear." George E. Dix & John M. Schmolesky, 43A TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 46:49, at 11 (3d. ed. 2011) (Supp. 2024). Moreover, it is doubtful that the opinion of the victims' family should ever be

---

[3] This provision reads:

> Regardless of the plea and whether the punishment be assessed by the judge of the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, and opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX. CODE CRIM. PROC. art. 37.07 § 3(a)(1). This provision does not speak explicitly to the question whether it is within the trial court's discretion to consider the opinion of a victim's family members as relevant to determining the normative question of what punishment within the statutory range should be imposed.

considered as a material mitigating fact capable of trumping the categorical judgment of the Legislature that a trial court judge may never impose probation of any kind "when it is shown" that a deadly weapon was used or exhibited. TEX. CODE CRIM. PROC. art. 42A.054(b). Under this state of the law, I do not think we can fairly label defense counsel's performance as "deficient" for believing that no valid basis for a motion for new trial existed.

But even if I thought defense counsel's performance was deficient, I would not conclude that Applicant suffered any prejudice by the absence of a motion for new trial. Prosecutorial second thoughts about the length of the concurrent sentences obtained, even if entertained at the behest of the victims' forgiving family, does not present a valid legal basis for granting a new trial. In my view, the convicting court here would have erred to grant a new trial in this case for the purpose of removing the deadly weapon findings that blocked the availability of shock probation. Entry of a deadly weapon finding into the judgment, once that finding has been made, is a ministerial act. *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988). Because actual *relief* on a motion for new trial should not be available, even if the proceeding itself might have been, I can see no basis for concluding that defense counsel's failure to file a motion for new trial could have served to prejudice Applicant in any way.

I respectfully dissent.

**FILED:**                                                                March 12, 2025
**PUBLISH**